**NORTHERN MILL AND LUMBER COMPANY, INC.**

v.

**Donald MAYNARD, Jr.**

Supreme Judicial Court of Maine.

March 19, 1980.

Jordan & Goodridge, Donald H. Goodridge (orally), Houlton, for plaintiff.

Flora & Canders, P.A., Gilman N. Gauvin, Stephen A. Canders (orally), Presque Isle, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ.

McKUSICK, Chief Justice.

Plaintiff brought suit against defendant in the District Court for $1,190.56, and trial was held on September 11, 1978, without an electronic recording of the proceeding being made. The District Court judge rendered judgment for plaintiff and, within his discretion in the absence of such a recording, D.C.Civ.R. 52(a), denied defendant's motion for findings of fact and conclusions of law. Defendant thereupon appealed to the Superior Court where he sought to include the trial judge's handwritten notes of the trial in the record on appeal. The Superior Court, after ruling that the judge's notes

would not be a proper part of the record, denied defendant's appeal on the ground of an inadequate record for purposes of reviewing the District Court decisions.

■ We affirm the Superior Court's ruling. There is no provision in the District Court Civil Rules or, as far as we know, in the rules of procedure of any jurisdiction for a trial judge's personal notes to be part of the record on appeal, and defendant failed to present any other record for review. To make a record for appeal from District Court to Superior Court, a party must request electronic recording if such is not routine, D.C.Civ.R. 76(a). If no recording or transcript is obtained through no fault of appellant, he may prepare a statement of the evidence to serve as the appellate record, D.C.Civ.R. 75(c).[1] If, as here, the appellant deliberately foregoes electronic recording, then the parties may prepare and sign an agreed statement of the case, certified by the District Court judge, pursuant to D.C.Civ.R. 75(d).[2]

■ Having failed to employ the methods available for presenting an adequate record for review for the Superior Court, defendant's appeal was properly denied.

The entry therefore is:

Appeal denied.

Judgment affirmed.

WERNICK, J., did not sit.

---

1. D.C.Civ.R. 75(c), as amended in 1974, reads: In any case in which electronic recording would be routine or has been timely requested under Rule 76(a) of these rules, if for reasons beyond the control of any party, no recording, or no transcript thereof, was made, or is available, the appellant may prepare a statement of the evidence or proceedings·from the best available means, including his recollection, for use instead of a transcript.

The Advisory Committee's Note to Rule 75 makes clear that the creation of a record on ·appeal in the absence of electronic recording can be pursued *only* in special, limited situations:

Rule 75(c) is amended to continue the present practice of allowing an appeal on the appellant's statement of the evidence only when there is no recording or transcript for reasons beyond the control of the parties, such as mechanical failure. The purpose of the change is to encourage use of the recording and transcript procedure and to eliminate the administrative burdens involved in the adversary formulation of the statement, except where the statement is truly necessary. *Maine Reporter,* 313–319 A.2d XXIX (1973–74).

2. D.C.Civ.R. 75(d), added in 1974, reads in pertinent part:

(d) Record on Agreed Statement. When the questions presented by an appeal to the Superior Court can be determined without an examination of all the pleadings, evidence, and proceedings in the court below, the parties may prepare and sign a statement of the case showing how the questions arose and were decided and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the questions by the Superior Court.

. . . If the statement conforms to the truth, it, together with such additions as the District Court judge may consider necessary fully to present the questions raised by the appeal, shall be approved by the District Court judge and shall then be certified to the Superior Court as the record on appeal.