## STATE of Maine

### v.

### Erland GOODWIN.

Supreme Judicial Court of Maine.

Argued March 4, 1980.

Decided May 21, 1980.

William R. Anderson, Asst. Dist. Atty. (orally), Belfast, for plaintiff.

Eaton, Glass & Marsano by John R. Bass, II, Belfast (orally), for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ.

GLASSMAN, Justice.

The defendant, Erland Goodwin, appeals from a judgment of conviction for violation of 17 M.R.S.A. § 2802, maintaining a public nuisance, entered in the Superior Court, Waldo County, following a jury trial. The defendant contends the Superior Court was without jurisdiction to hear a criminal prosecution for violation of 17 M.R.S.A. § 2802 on transfer from the District Court. We vacate the judgment of conviction.

The defendant was charged with a violation of 17 M.R.S.A. § 2802 by a criminal complaint filed in the District Court in Belfast. On January 23, 1979, the defendant appeared *pro se*, tendered a plea of not guilty to the complaint and moved to transfer the action to the Superior Court pursuant to M.D.C.Crim.R. 40. The proceeding was thereupon transferred to the Superior Court, Waldo County, and ultimately the defendant was tried *pro se* before a jury and found guilty. Following entry of judgment and notice of appeal, counsel was appointed for the defendant to prosecute his appeal to the Law Court.

█ The penalty for a violation of Section 2802 is found in Section 2706 of Title 17 which provides:

Whoever erects, causes or continues a public or common nuisance, as herein described or at common law, where no other punishment is specially provided, shall be punished by a fine of not more than $100. The court with or without such fine may order such nuisance to be discontinued or abated, and issue a warrant therefor as provided.

By virtue of the enactment of 17–A M.R.S.A. § 4–A(4), a violation of Section 2802 ceased to be a crime and became a civil violation.[1] Thus, although the defendant was charged with only a civil violation, throughout the proceedings in the District Court, in the Superior Court and in this Court this action was treated as if it were a criminal proceeding. Since Section 2802 had been decriminalized, it is apparent that the Superior Court had no jurisdiction to find the defendant guilty of a crime. The question remains whether the judgment below can be treated as a judgment for a civil violation.

█ We recently discussed the jurisdiction over civil violations in the case of *Inhabitants of Boothbay Harbor v. Russell*, Me., 410 A.2d 554, 558–59 (1980). We there noted that a summary proceeding for prosecution of a civil violation might be brought in the District Court pursuant to M.D.C. Civ.R. 80H. *Id.* Such a proceeding may not be removed to the Superior Court. M.D.C.Civ.R. 80H(g). The District Court judgment may be reviewed in the Superior Court by an appeal on questions of law only. M.D.C.Civ.R. 80H(j); M.D.C.Civ.R. 73(a). Civil violations may also be prosecuted in the Superior Court in "*plenary proceedings* under the usual civil rules applicable in any civil action." *Inhabitants of Boothbay Harbor v. Russell, supra*, 410 A.2d at 559 (emphasis in original).

█ Even if we were to treat the filing in the District Court of this criminal com-

1. 17–A M.R.S.A. § 4–A(4) provides in pertinent part:

    If a criminal statute or criminal ordinance outside this code prohibits defined conduct but does not provide an imprisonment penalty, it is hereby declared to be a civil violation

    .   .   . .

Section 4–A was enacted by P.L. 1975, ch. 740, § 14. By virtue of P.L. 1977, ch. 564, § 84, amending § 4–A(1)(B), § 4–A(4) became effective ninety days after the adjournment of the First Regular Session of the 108th Legislature, October 24, 1977.

plaint as an appropriate invocation of the summary procedure pursuant to M.D.C. Civ.R. 80H, we would be compelled to conclude that the matter was improperly transferred to the Superior Court and that upon its having been so transferred the Superior Court should have immediately remanded the matter to the District Court. This cannot be treated as a plenary proceeding in the Superior Court since the original jurisdiction of the Superior Court was not invoked. Moreover, there was no attempt to comply with the Maine Rules of Civil Procedure applicable to civil actions, nor was the defendant afforded the discovery which is available in a civil action in the Superior Court. *See* M.R.Civ.P. 26–37. We conclude that the jurisdiction of the Superior Court was never properly invoked and that the judgment entered in the Superior Court is, therefore, a nullity.

It is the responsibility of the prosecuting attorney to properly invoke the jurisdiction of the court by preparing an appropriate complaint which clearly indicates whether the proceeding before the court is a criminal violation or a civil violation. Although we do not have a transcript of the proceedings in the District Court, it is fair to assume that since the action was instituted by a criminal complaint the District Court Judge, in accordance with normal procedure, advised the defendant of his right to transfer the case to the Superior Court in order to avail himself of his right to jury trial. *See* 15 M.R.S.A. § 2114; M.D. C.Crim.R. 40. The prosecuting attorney should know the nature of the proceeding he has instituted and must be certain the court and the defendant are aware of the nature of that proceeding in order that they may use the appropriate procedure. Here, the defendant believed he was being prosecuted for a crime and invoked the procedure properly used in a criminal case. Both the District and Superior Courts were similarly misled. It was only after his conviction that this *pro se* defendant had the assistance of court-appointed counsel who noted the improper invocation of Superior Court jurisdiction.

The entry is:

Judgment of conviction vacated.

Case remanded to the Superior Court for remand to the District Court with directions to dismiss the criminal complaint.

All concurring.