BOOTHBAY REGISTER, INC.

v.

**Daniel Jerome MURPHY.**

Supreme Judicial Court of Maine.

Argued June 6, 1980.

Decided June 18, 1980.

E. James Burke (orally), Lewiston, for plaintiff.

Daniel J. Murphy (orally), Lewiston, for defendant.

Before McKUSICK, C. J., WERNICK, NICHOLS and GLASSMAN, JJ., and DELAHANTY, A. R. J.

PER CURIAM.

This appeal represents the third attempt by the lawyer-appellant appearing *pro se* to avoid the consequences of a judgment for $88.82 entered against him in the District Court (Lewiston) in a small claims case. Boothbay Register, Inc., recovered that judgment for a legal advertisement that it published at defendant's request in its Wiscasset newspaper for three consecutive weeks in May and June, 1977.

First, defendant filed in the small claims proceeding in the District Court a Rule 59 motion for a new trial, claiming principally that he had not had an opportunity to present evidence at the hearing on the small claim. The District Court judge denied the motion in a two-page opinion, specifically finding "that [d]efendant's recollection as set forth in his affidavit is not consistent with the Court's recollection of the case," and that defendant "did in fact present evidence" at the unrecorded small claims hearing. By thus having the court entertain his motion,[1] defendant received

1. We reject defendant's contention that the small claims court committed legal error by not giving him a hearing on his motion for a new trial. Even if Rule 59 applied to this small claims case, the judge was not required to hold

an evidentiary hearing, *see* M.R.Civ.P. 43(e), and furthermore, even now defendant cannot suggest any evidence or arguments he would have presented at a hearing that he had not put

more consideration from the small claims court than he was entitled to, for the procedure of Rule 59 is not available in small claims cases. The District Court Civil Rules do not apply to "actions under the statutory small claims procedure except as to proceedings subsequent to the rendition of judgment," D.C.Civ.R. 81(a)(1), such as, for example, proceedings for enforcement of the judgment or appeals therefrom. The rules do not apply to anything that affects the rendition of final judgment in the small claims court, such as a motion to amend or a motion for findings or for a new trial. In the context of the purpose of the small claims statute to establish "a simple, speedy and informal procedure," 14 M.R.S.A. § 7452 (1980), such restrictive construction of D.C.Civ.R. 81(a)(1) is mandated.

■ Next, defendant appealed to the Superior Court. After hearing, a Superior Court justice in a two-page order denied the appeal, noting that no electronic sound recording had been made of the small claims hearing and that defendant had done nothing under either D.C.Civ.R. 75(c) or D.C. Civ.R. 75(d) to obtain a statement of the District Court proceedings for use on appeal in lieu of a transcript. The Superior Court was plainly correct in denying the appeal, because—in absence of a transcript or its equivalent—no appellate court has any way of reviewing the District Court's factual findings adverse to defendant. *See, e. g., Northern Mill & Lumber Co., Inc. v. Maynard,* Me., 412 A.2d 384 (1980).

Finally, defendant has appealed the Superior Court decision to the Law Court. For the same reasons already stated, we find this further appeal completely without merit.[2]

We find that this appeal, prosecuted by an attorney representing himself, was frivolous and intended for delay. *See* Rule 3.7(a), Maine Bar Rules. Under the authority of 14 M.R.S.A. § 1802 (1980), we impose treble costs upon the appellant-attorney payable to Boothbay Register, Inc., the prevailing party, or its attorney.

The entry must be:

Appeal denied.

Judgment affirmed.

Treble costs are allowed to appellee.

All concurring.

---

forth in the affidavit and memorandum he filed with his motion.

**2.** At oral argument we satisfied ourselves by questioning defendant and plaintiff's attorney, both of whom have acted as counsel from the start of this small claims case, that plaintiff's contract claim was proved by adequate means and that defendant had no defense of any substance.