STATE of Maine

v.

Michael L. MEYER.

Supreme Judicial Court of Maine.

Argued Nov. 13, 1980.

Decided Dec. 30, 1980.

**956**

David M. Cox, Dist. Atty., Gary F. Thorne, J. Hilary Billings (orally), Asst. Dist. Attys., Bangor, for plaintiff.

Michael L. Meyer, pro se.

Before McKUSICK, C. J., and WERNICK, GODFREY, GLASSMAN, ROBERTS and CARTER, JJ.

PER CURIAM.

Having been adjudicated by the District Court (Bangor) to have committed the civil traffic infraction of failure to stop at a red traffic signal within the city limits of Bangor, defendant Michael L. Meyer was fined $25. Mr. Meyer timely appealed to the Superior Court (Penobscot County), which held that "there is nothing on the record to disclose that the District Court acted improperly under the law." Mr. Meyer then appealed to this court. Here his sole assertion in defense is that he was the victim of a systematic effort on the part of the City of Bangor to entrap motorists by setting the timing of certain of its traffic signals at less than alleged state minimum requirements. We must deny his appeal.

■ The Law Court has consistently held that an appellant before us "has the affirmative duty of supplying this Court with an adequate record upon which consideration can be given to the arguments advanced in support of the appeal." *Daviau v. Pozzy*, Me., 419 A.2d 365, 366 (1980). This appeal is from a civil proceeding in the District Court, in which the State as the civil plaintiff sought to recover a civil penalty that could not exceed $250, 29 M.R.S.A. § 2303(1) (1978).[1] That proceeding was governed by the District Court *Civil* Rules, including D.C.Civ.R. 80F entitled "Traffic Infractions" and also D.C.Civ.R. 75 entitled "Record on Appeal." Precisely for the same reason that the civil appeals in *Cates v. Farrington*, Me., 423 A.2d 539 (1980) ($3,250.97 suit on promissory note), in *Boothbay Register, Inc. v. Murphy*, Me., 415 A.2d 1079 (1980) ($88.82 small claims

---

1. Both the trial courts and the district attorneys, who represent the State as the civil plaintiff, must treat traffic infraction cases as the civil matters that the legislature has designated them to be. *See* 17-A M.R.S.A. § 4 (Supp. 1980); 29 M.R.S.A. § 1(17 C). Traffic infractions should be handled by the court separately from criminal traffic cases and in a manner consistent with their handling of other civil matters. In traffic infraction cases, both the plaintiff and the defendant are relieved from the cumbersome process required for criminal proceedings. D.C.Civ.R. 80F represents an attempt to make traffic infraction proceedings simple (*e. g.*, only limited joinder or discovery, and no counterclaims, are allowed) and expeditious (*e. g.*, oral answers are received at the day of hearing). Anything that causes the alleged traffic infractor to be treated in court with all the procedural "safeguards" accorded a criminal defendant imposes upon the civil defendant in practical effect the same *de facto* punishment that accompanies a minor criminal charge. *See* M. Feeley, *The Process Is the Punishment: Handling Cases in a Lower Criminal Court* (Russell Sage Foundation 1979).

case), and in *Northern Mill and Lumber Co., Inc. v. Maynard*, Me., 412 A.2d 384 (1980) (suit for $1,190.56), failed for lack of a record of what transpired in the District Court, Mr. Meyer's appeal was correctly denied by the Superior Court. Even assuming that the claim of entrapment Mr. Meyer makes against the City of Bangor would constitute a defense to the charge of failing to stop at a red light—a question on which we do not intimate an opinion—Mr. Meyer as the appellant has not shown the Superior Court or the Law Court that he established in the District Court the necessary evidentiary basis for any such claim. The District Court does not routinely record civil proceedings electronically, and defendant made no request for a recording. Nor has defendant acted under either D.C.Civ.R. 75(c) or D.C.Civ.R. 75(d) to obtain a statement of the District Court proceedings for use on appeal in lieu of a transcript. In the absence of a transcript or its equivalent, no appellate court has any way of reviewing factual findings of the lower court.

The entry must be:

Appeal denied.

Judgment of the Superior Court modified to read "Judgment of District Court affirmed," and as so modified that judgment is affirmed.

All concurring.