## STATE of Maine

### v.

### Kenneth CHUBBUCK.

Supreme Judicial Court of Maine.

Argued June 16, 1982.

Decided Aug. 13, 1982.

Wayne S. Moss (orally), Asst. Atty. Gen., Augusta, for the State.

Day & Hoch, Theodore K. Hoch (orally), Bath, for defendant.

Before McKUSICK, C. J., NICHOLS, CARTER, VIOLETTE and WATHEN, JJ., and DUFRESNE, A. R. J.

CARTER, Justice.

The defendant was adjudicated in the District Court, Bath, to have committed the traffic infraction of operating under the influence of intoxicating liquor in violation of 29 M.R.S.A. § 1312–C (1981). Following an unsuccessful appeal to the Superior Court, he appeals to this Court, arguing alternatively: (1) that section 1312–C in actuality establishes a criminal offense and prescribes a criminal penalty, requiring that in this prosecution substantive and procedural rights peculiar to criminal actions be extended to him, or (2) that if the action is civil in nature, he was improperly denied a jury trial in violation of the provisions of article I, § 20 of the Maine Constitution.

## I.

The defendant was arrested and issued a summons in the form of an Uniform Traffic Ticket and Complaint on September 20, 1981[1] for operating a motor vehicle while under the influence of intoxicating liquor. The summons cites 29 M.R.S.A. § 1312 as the provision violated. That document also recites that it was issued by "Sgt. Brown" and it is sworn to by "Ray E. Parker, Jr., Bath Police." It contains neither allegation nor indication of any involvement by any prosecutor in its preparation, issuance or filing.

The record also includes a second charging instrument, dated October 21, 1981, which specifies in its caption a violation of 29 M.R.S.A. § 1312–C. The substantive allegations of the complaint describe conduct which is made both a criminal offense under 29 M.R.S.A. § 1312–B and a traffic infraction under 29 M.R.S.A. § 1312–C. The complaint, which appears to be a preprinted form usually utilized to charge a criminal offense, provides entry spaces relevant only to the processing of a criminal case.[2] Entries pertinent to the case reflect that the defendant was, on October 28, 1981, "advised of rights" and "arraigned" and that he pled "not guilty" and was ultimately found "guilty." The complaint is signed and sworn to by "Ray E. Parker, Jr.," presumably the same person who made oath to the original Uniform Traffic Ticket and Complaint and who was there identified as a member of the "Bath Police." As with the summons, this subsequently issued instrument bears no allegation or indication of approval of, sanction by, or participation in its filing by any prosecutor. Finally, the record in this case does not indicate that any disposition of the original summons, charging a criminal offense under section 1312, has ever been achieved.[3]

On October 22, 1981, the defendant requested, pursuant to D.C.Crim.R. 40, that the action be transferred to the Superior Court for jury trial. In the same motion, the defendant *also* sought *in the alternative* that the action be removed to the Superior Court, pursuant to D.C.Civ.R. 73(b). The

1. 29 M.R.S.A. § 1312–C (1981), enacted in P.L. 1981, ch. 468, § 11, had become effective two days earlier.

2. Approximately half the blank form reads as follows:

| DATE | | DATE | |
|---|---|---|---|
| | Advised of Rights: Yes/No | | Appealed: _____ |
| | Arraigned: Yes/No | | Appeal Bail: $_____ |
| | Reading: Held/Waived | | |
| | Indigent: Yes/No | | Bail Conditions: see over/attached |
| | Plea: _____Guilty | | Judge: _____ |
| | State's Att'y _____ | | |
| | Deft's Att'y _____ | | |
| |    Retained/Assigned/Waived | | P. C. Hearing: Held/Waived |
| | Trial Date: _____ | | P. C. Hearing: No/Yes-and bound over to S.C. |
| | After N.G. plea and at Def's request, Ordered Transferred to S.C. _____ | | _____ County |
| | | | P. C. Bail: $_____ |
| | Bail: $_____ | | Bail Conditions: see over/attached |
| | Bail Conditions: see over/attached Trial Held: Yes/No | | Judge: _____ |
| | Finding: _____ guilty | | |
| | Sentence: | | |

Judge: _____

3. *See* D.C.Civ.R. 41 (pursuant to M.R.Civ.P. 41(a)(1), plaintiff may dismiss action voluntarily by filing either a notice prior to trial or a stipulation signed by all parties) *and* D.C. Crim.R. 48(a) (State may dismiss complaint in writing and with defendant's consent).

District Court denied the request for transfer under the criminal rule and for removal under the civil rule.[4]

A trial of the case was held in the District Court on October 28, 1981. In its findings of fact and conclusions of law, the court stated that proof that the defendant operated the vehicle rested exclusively on his admission of such conduct and that the State did not prove independently the corpus of an infraction. *Cf. State v. Tripp,* 158 Me. 161, 168, 180 A.2d 601, 604 (1962). Further, commission of an infraction was demonstrated by a preponderance of the evidence rather than in accordance with the standard of proof beyond a reasonable doubt. Evidence of a blood test was excluded. Upon entry of judgment for the State, the court imposed a fine of $250 and suspended the driver's license for forty-five days.

An appeal, seasonable under either D.C. Crim.R. 37(a) or D.C.Civ.R. 73(a), was taken to the Superior Court where the case was entered on *the civil docket.* After the court denied his appeal, the defendant appealed to the Law Court within twenty days of its entry, and this action is now before this Court on an agreed statement of facts which was approved by the Superior Court.

## II.

Although not discussed by the parties in their briefs, a procedural issue, which prevents us from reaching the substantive issues presented on this appeal, is generated on the record of the proceedings in the District Court. Neither the docket nor the record, generally, disclose definitively that the original proceeding, which we must regard as based upon a criminal charge of violation of 29 M.R.S.A. § 1312–B, was ever properly converted to a purportedly civil

traffic infraction proceeding charging a violation of 29 M.R.S.A. § 1312–C. The substantive issues raised on this appeal do turn upon the proper characterization of the nature of the specific charge to be tried and the form of the action pursued to accomplish its adjudication. Consequently, our inability to discern any unambiguous indication of the exercise of the prosecutorial discretion required by the statute precludes us from approaching the resolution, on this record, of the substantive issues raised in the appeal.

The Uniform Traffic Ticket and Complaint[5] issued to the defendant recites a violation of "Title 29[,] Section 1312 ... Violation[;] Operating a M/V While Under the Influence of Intoxicating Liquor." The information set out on the face of the ticket does not disclose whether it charges a criminal offense under section 1312–B or a traffic infraction under section 1312–C. Further, section 1312–B makes it clear that operating a motor vehicle while under the influence of intoxicating liquors within the definition of that section is a "criminal offense." Yet precisely the same conduct as is alleged in the case at bar is subject to penalty under section 1312–C(2) as a traffic infraction. There is therefore no distinction to be drawn on the facts of this case between the statutory definition of the elements of the criminal violation and the traffic infraction of operating under the influence of intoxicating liquors. An examination of the method by which a civil traffic proceeding under section 1312–C is initiated, however, reveals that the ticket issued to the defendant must be seen to have commenced, in this case, a criminal proceeding.

---

4. The defendant also moved to dismiss the complaint on the ground that it alleged two separate offenses, or, in the alternative, to strike one of those charges. While these motions were denied, the defendant expressly does not rely on these claims as grounds of appeal here.

5. The Uniform Traffic Ticket and Complaint may be used under 29 M.R.S.A. § 2300(4) as "a

lawful complaint for the purpose of ... the prosecution of a misdemeanor under this Title" where it "includes information and is sworn to as required under the general laws of this State in respect to a complaint charging commission of the offense alleged in said citation to have been committed." No issue is here raised as to the efficacy of the Uniform instrument utilized to serve as a Complaint in this case.

Section 1312–C(1) provides that *"the attorney for the State* may elect to charge the defendant with a traffic infraction of operating under the influence of intoxicating liquor . . . ." (emphasis added). The Statement of Fact accompanying L.D. 1541, which, despite amendment before enactment into law, substantively embodies the provisions of current section 1312–C, makes clear that the election to treat the violation as a traffic infraction is entrusted to *the prosecutor* to assure "that the prosecutor and not the law enforcement officer makes the choice." L.D.No. 1514, 110th Leg. (1981).[6] Under section 1312–C, a defendant has no claim or right, under the statutory scheme, to have the charge treated as a traffic infraction in the absence of such an election. Likewise, the court does not possess any authority to compel or review the prosecutor's election to so treat the charge.[7] Nor does it possess any independent authority to itself adjudicate that, in the absence of the election by the prosecutor, the charge be treated other than as a criminal violation. Under the statute, the prosecutor's election is subject *only* to the limitations imposed upon that discretion by section 1312–C(5).[8]

Hence, the initial criminal pleading used here to charge commission of the conduct prohibited under both section 1312–B and 1312–C must be treated *in the first instance* as a charge of a criminal violation to which attach all of the procedural and substantive rights, constitutionally or otherwise based, applicable to criminal prosecutions generally. Only the single circumstance of the prosecutor's exercise of his statutorily exclusive, unreviewable, discretionary election may result in such a charge being treated otherwise.

The fact of the exercise of that election is of fundamental significance under the statutory format because two important consequences result from it: (1) the defendant is stripped of many of those rights advantageous to him which he would have in a criminal proceeding, several of them being of constitutional dimension, and (2) the

---

6. Resort to the "Statement of Fact" accompanying a legislative document "is a proper and compelling aid to ascertaining the legislative purpose and intent." *Franklin Property Trust v. Foresite, Inc.*, Me., 438 A.2d 218, 223 (1981).

7. The last sentence of § 1312–C(1) reads as follows:

The determination of the attorney for the State, under provisions of subsection 5 and 7, that a person should be prosecuted under *either this section or under section 1312–B* shall not be subject to review.

8. Title 29 M.R.S.A. § 1312–C(5) reads as follows:

The attorney for the State shall not elect to charge a violation of subsection 2 [the traffic infraction] in lieu of criminal prosecution under section 1312–B with respect to any defendant who: ·

A. Was tested as having a blood-alcohol level in excess of 0.20%;

B. Was driving more than 30 miles an hour in excess of the speed limit during the operation which resulted in the prosecution for operating under the influence;

C. Attempted to elude an officer, as defined in section 2501–A, subsection 3, during the operating which resulted in the prosecution for operating under the influence; or

D. Had been convicted of a violation of former section 1312, subsection 10, paragraph A, convicted of a violation of section 1312–B,

or adjudicated guilty of a traffic infraction under this section within the 6 years immediately preceding the date of the commission of the new offense.

Beyond these circumstances, the Legislature has merely suggested guidelines as to when an election to proceed civilly may be appropriate:

The attorney for the State *may* elect to charge a violation of section 1312–B, in lieu of civil prosecution under this section, in any other circumstances. These circumstances *include, but are not limited to,* when the defendant:

A. During the course of the operation which resulted in the prosecution for operating under the influence:

(1) Was operating between one and 30 miles an hour in excess of the speed limit;

(2) Failed to stop for an officer, as defined in section 2501–A, subsection 2;

(3) Was involved in a traffic accident; or

(4) Committed any other moving violation which the attorney for the State believes warrants criminal prosecution; or

B. Had revoked his implied consent to take a blood or breath test by refusing to take one within the immediately preceding 6 years.

The discretion of the attorney for the State under this subsection shall not be subject to review.

29 M.R.S.A. § 1312–C(7) (emphasis added).

court is thereby empowered to proceed with the matter in disregard of those rights.[9] The power to effect those consequences is granted *only* to the prosecutor. There is no basis on which the court can, by the independent exercise of its own authority, bring those consequences to operate on a particular case.

We do not intimate any opinion as to whether the Legislature may lawfully provide that liability for conduct which it has explicitly denominated as a criminal offense under section 1312–B may be alternatively adjudicated, on the election of the prosecutor, by civil proceedings under section 1312–C that are lacking in the traditional protections provided by our criminal and constitutional jurisprudence. Clear it is, however, *even on the assumption that it may do so,* that the occurrence of the election must be demonstrated *on the record* in the trial court to have occurred before a citizen may be stripped of those protections which are inherent in a criminal proceeding. *See State v. Goodwin,* Me., 414 A.2d 894, 896 (1980).

Such an unequivocal indication of the election will eliminate any cause for uncertainty or confusion as to the fact that in a particular case the exercise of the election is exclusively the positive act of the prosecutor and not that of the court. As we have discussed *supra,* the Legislature has reposed special confidence in the judgment of the prosecutor to make such an election, definitively excluding the courts from *any* role in the making of that election. That election is exclusively an incident of executive power. It is denied to the judicial branch, by express statutory command, as a constituent of the magisterial authority.

Additionally, proper protection of the libertarian interests of the accused in particular (and thus of the citizenry in general) is achieved only by an affirmative showing on the record that a statutorily valid election in fact has been made. Absent such an affirmative showing of record, neither the accused, the trial court nor any reviewing court can be sure that he has been properly deprived, within the context of the statutory scheme, of the constitutional and procedural rights that must be made available in criminal proceedings. Thus, we hold that under the statutory scheme embraced by 29 M.R.S.A. §§ 1312–1312–C a trial court is without authority to proceed to an adjudication of liability for a traffic infraction under section 1312–C in a proceeding charging a criminal offense under section 1312–B until the prosecutor has caused to be entered on the docket a representation that he has personally exercised the election made available to him by section 1312–C(1). On making that election, the prosecutor should dismiss the initiating criminal charge. Any attempt by any court to treat an offense *initially alleged*[10] as criminal in nature un-

9. We have also recognized procedural distinctions, which are germane to the case at bar, between the prosecution of traffic infractions and criminal offenses:

> Both the trial courts and the district attorneys, who represent the State as the civil plaintiff, must treat traffic infraction cases as the civil matters that the legislature has designated them to be. *See* 17–A M.R.S.A. § 4 (Supp.1980); 29 M.R.S.A. § 1(17–C). Traffic infractions should be handled by the court separately from criminal traffic cases and in a manner consistent with their handling of other civil matters. In traffic infraction cases, both the plaintiff and the defendant are relieved from the cumbersome process required for criminal proceedings. D.C. Civ.R. 80F represents an attempt to make traffic infraction proceedings simple (*e.g.,* only limited joinder or discovery, and no counterclaims, are allowed) and expeditious (*e.g.,* oral answers are received at the day of hearing). Anything that causes the alleged traffic infractor to be treated in court with all the procedural "safeguards" accorded a criminal defendant imposes upon the civil defendant in practical effect the same *de facto* punishment that accompanies a minor criminal charge. *See* M. Feeley, *The Process Is the Punishment: Handling Cases in a Lower Criminal Court* (Russell Sage Foundation 1979).

> *State v. Meyer,* Me., 423 A.2d 955, 956 n.1 (1980).

10. The Act does not specifically prescribe the time and manner of the prosecutor's exercise of the election made available to him under section 1312–C. We do not hold that the prosecutor is restricted to instituting a charge under the Act by charging the defendant, in the first instance, with a criminal offense. The statute

der section 1312 as a traffic infraction in the absence of such a docketed representation by the prosecutor is beyond the statutory authority of the court and is a nullity.

In the case at bar, the defendant was arrested and initially summonsed under the traffic ticket. Because the ticket does not in any way indicate the occurrence of a prosecutorial election to pursue the matter as a civil proceeding under section 1312–C, it must be taken to charge a criminal offense. *See* discussion *supra*. Further, the plain language of section 1312–C(1) would permit this criminal action subsequently to be converted to a civil traffic infraction proceeding only upon an election by the prosecutor after the proceeding is commenced. Notwithstanding the fact that counsel and the court treated this matter as a civil one, the record in this case, which includes the docket entries, does not suggest that the prosecutor made this statutory election. Even if we were to assume that any election had been made, it would be unclear whether the election was made by the police officer who signed the second instrument, which alleged the civil traffic infraction under section 1312–C, or by the prosecutor. In the event of the first alternative, such an exercise would constitute the clearest violation of legislative intent expressed by the Act.

Likewise, we are uncertain as to the basis on which the trial court treated the case as a civil one, i.e., *as if* the election had been made properly. We cannot determine from the record whether the prosecutor, by proceeding to trial in the traffic infraction format, intended that conduct to be the positive exercise of the election or to be a simple acquiescence in a course initiated without appropriate foundation by the court. The conduct of the first alternative is inadequate as an exercise of the election as the election must be clearly stated in the record and not simply implied from the State's treatment of the case as a civil matter at trial. In the event of the latter

alternative, there would again occur a clear violation of the legislative intent that *the court* have no participation in the exercise of the election.

Thus, we cannot say with certainty *from this record* that the District Court's treatment of the offense here involved as a traffic infraction was the exclusive result of a positive exercise of a discretionary election on the part of the prosecutor. The proceedings in the trial court were, therefore, a nullity. Since the record in this case does not indicate whether the defendant was ever in jeopardy of a criminal conviction in those proceedings, the judgment must be vacated and remanded to the trial court for further proceedings. In those proceedings, the court shall treat the charge as one of a criminal offense under section 1312–B unless the proceedings are subsequently converted to a section 1312–C proceeding by a valid exercise, recorded on the docket, of the prosecutor's election.

The entry is:

Judgment of the Superior Court vacated.

Remanded to the Superior Court for entry of judgment as follows: "Judgment of the District Court vacated; remanded to the District Court for further proceedings consistent with the opinion herein."

All concurring.

---

does not appear to create any impediment to the prosecutor exercising his election before *any* formal charge is made. Where a prosecution is commenced in that mode, it is required,

however, that action be taken at the trial level to cause the docket to affirmatively show that the election has been made by a *prosecutor*.