**James MANZO**

v.

**Marilynn REYNOLDS.**

Supreme Judicial Court of Maine.

Argued May 8, 1984.

Decided June 29, 1984.

James Manzo, pro se, did not appear.

Marilynn Reynolds, pro se (orally).

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

The defendant-landlady Marilynn Reynolds, appearing *pro se*, appeals the Superior Court's affirmance of a small claims judgment entered in the District Court in favor of the plaintiff-tenant James Manzo. Agreeing with the Superior Court that the defendant did not present an adequate record on appeal, we affirm the judgment.

On July 28, 1983, the plaintiff-tenant filed a complaint in the District Court (Waterville), alleging the defendant owed him $300 because the apartment he leased from her had no lock on the door, and someone broke in and stole some of his clothing. The defendant answered, denied liability, raised affirmative defenses, and counter-claimed for $176.25 for damages she alleged the tenant had caused to the apartment.

The small claims hearing was scheduled for September 14, 1983. On August 18, 1983, the defendant submitted a written request that the hearing be recorded.[1]

Both parties appeared at the hearing, and the court received as evidence, *inter alia*, a copy of the parties' written lease agreement. The District Court docket entry recites: "The matter was not recorded." The judgment did not address the claim originally made by the plaintiff regarding his stolen clothing, and found no merit in the defendant's counterclaim. The judgment focused on the clause contained in the lease agreement which provided, "ENTRANCE AND TRANSFER FEE OF $100.00 IS PAYABLE IN ADVANCE." The court stated, "Transfer fee is a security deposit as a matter of law," and awarded the plaintiff $100 plus $10 in costs.[2]

The defendant appealed to the Superior Court pursuant to M.R.S.C.P. 11(a).[3] A hearing, at which the plaintiff did not appear, was held on January 13, 1984, and the court subsequently affirmed the judgment of the District Court. The order of the Superior Court explained: "Without a transcript, there is no way that this Court can find that the District Court's determination that the funds were a security deposit is arbitrary, capricious or unreasonable based on the evidence presented in the whole record."

On appeal to this court, the defendant again contends the District Court erred in deeming the entrance and transfer fee a security deposit, and asks us to reverse the judgment entered against her.

---

1. Rule 6(a) of the Rules of Small Claims Procedure provides: "Any hearing for which one of the parties has requested a recording shall be recorded as provided in Rule 76 of the District Court Civil Rules. The request for recording may be made at the time of the hearing."

2. Although the plaintiff did not raise the security deposit issue in his statement of claim, under the Rules of Small Claims Procedure the court is empowered to "enter judgment for the pre-vailing party for the relief to which he is entitled, even if he has not demanded such relief." M.R.S.C.P. 8(c).

3. The defendant stated at oral argument before this court that she was not appealing the judgment on her counterclaim. She sought review only of the court's conclusion that the "entrance and transfer fee" was actually a security deposit.

■ As we have previously stated, the Superior Court must properly deny an appeal when the appellant has not preserved "a record sufficient in content to permit a fair consideration of the issues by the appellate court." *Meyer v. Meyer,* 414 A.2d 236, 238 (Me.1980). When no recording has been made of the District Court proceedings, our rules provide a procedure whereby the parties can present an alternative form of the record for use on appeal. Under M.D.C.Civ.R. 75(c), if a recording has been requested on time, but "for reasons beyond the control of any party" no recording is made, the appellant is entitled to seek settlement and approval of a statement of the evidence or proceedings usable °on appeal in lieu of a transcript.[4] *See Northern Mill and Lumber Co. v. Maynard,* 412 A.2d 384, 385 (Me.1980); *Gluckstern v. Dugan,* 394 A.2d 1181 (Me. 1978). *Cf. Auto Sales & Finance Co. v. Seavey,* 401 A.2d 648, 649 n. 2 (Me.1979). Many prior decisions of this court have held that when a party does not furnish the Superior Court with any transcript of the evidence in the District Court, or any statement of the evidence or proceedings as would under D.C.Civ.R. 75(c) or 75(d) be usable on appeal in lieu of a transcript, the Superior Court has no basis for reviewing the judgment of the District Court. *E.g., International Silver Co. v. DiGirolamo,* 475 A.2d 1143, 1144–45 (Me.1984); *State v. Meyer,* 423 A.2d 955 (Me.1980); *Cates v. Farrington,* 423 A.2d 539 (Me.1980); *Boothbay Register, Inc. v. Murphy,* 415 A.2d 1079 (Me.1980); *Northern Mill and Lumber Co. v. Maynard,* 412 A.2d at 384.

■ In the present case, the defendant did not attempt to settle the record of the small claims hearing by invoking Rule 75(c). We have previously recognized that the District Court is not required by Rule 75(c) to settle and approve a statement of the evidence or proceedings unless it can be shown that a recording of the proceeding

had been requested but, for reasons beyond the control of the parties, none was made. *Emery v. Emery,* 476 A.2d 193, 195 (Me.1984); *Auto Sales & Finance Co. v. Seavey,* 401 A.2d at 649 n. 2. The record in the instant case clearly shows the defendant requested a recording. In these circumstances, had the defendant requested settlement and approval of a statement of the evidence or proceedings, the court would have been obliged to comply with that request or explain satisfactorily on the record why such request was denied. Because, however, the appellant failed to employ the method available for presenting an adequate record for review by the Superior Court, her appeal was properly denied.

The entry is:

Judgment affirmed.

All concurring.

---

**4.** Rule 11(d)(2) of the Rules of Small Claims Procedure provides: "Rule 75 of the District Court Civil Rules applies to the preparation and

transmission to the Superior Court of the record on appeal in small claims actions."