STATE OF MAINE

YORK, ss.

LYNNE M. HATHAWAY, et al.,

     Plaintiffs

  v.

JRC HOLDING COMPANY,

     Defendant

**JUDGMENT**

JAN 10 2005

This appeal from a Small Claims judgment in favor of Defendant, JRC Holding Co., was heard on December 28, 2004. Following review of the Small Claims Court record, the appeal must be Denied.

Briefly stated, the facts are as follows: Ms. Hathaway and Mr. Kovacs contracted with Allen & Coles Moving Systems (JRC Holding Co.) to move their household goods to a new home. Because there would be a delay of several weeks before the new home could be occupied, the parties contracted that Allen and Coles would store the property in a locked moving van outside its Portland facility. Among the goods stored were some $1,600.00 in coins. When the property was delivered to the Plaintiffs, the coins were missing, apparently stolen from the van.[1] This case involves the Plaintiffs' claim that Allen & Coles is contractually liable for the loss of their property and seeks monetary damages.

---

[1] The theft was reported and investigated by both Saco and Portland police. Both parties cooperated in the investigation, but no charges have yet been brought.

Allen & Coles responds that the Plaintiffs chose to have their goods simply "held" for delivery rather than "stored", and the contract limits liability to 60 cents per pound for lost goods.

Both parties have provided thoughtful and complete written and oral arguments; well above what is common in Small Claims appeals. The difficulty for the Plaintiffs is that an appellate court may only review for errors of law. M.R.Sm.Claims 11(d).

Here, no request for a recording was made and the Small Claims court made no specific findings of fact or conclusions of law; only the notation of judgment for Defendant after hearing. On this record, there is no basis to conclude that the judgment is based on error. As the Law Court has made clear:

> Where no electronic sound recording had been made of small claims hearing and [no] statement of District Court proceedings for use on appeal in lieu of transcript [exists], Superior Court properly denied appeal, for in the absence of a transcript or its equivalent, appellate court had no way of reviewing District Court's factual finding. *Boothbay Register, Inc. v. Murphy*, 415 A.2d 1079 (Me. 1980).

The entry will be as follows:

Appeal Denied; case remanded to District Court.

The clerk may incorporate this order in the docket by reference.

Dated: January 3, 2005

G. Arthur Brennan
Justice, Superior Court

Lynne M. Hathaway -PL- pro se
Steven J. Kovacs - PL - pro se
James Zimpritch, Esq. - DEF

2