2008 ME 87

**Barbara F. BURR**

v.

**Mary L. JORDAN.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 2, 2008.
Decided: May 27, 2008.

---

Timothy A. Pease, Esq., Rudman & Winchell, LLC, Bangor, ME, for Mary Jordan.

Peter R. Roy, Esq., Roy, Beardsley, Williams & Granger, LLC, Ellsworth, ME, for Barbara Burr.

Panel: SAUFLEY, C.J., and CLIFFORD, LEVY, SILVER, MEAD, and GORMAN, JJ.

SAUFLEY, C.J.

[¶ 1] Mary L. Jordan appeals from a judgment entered by the Superior Court (Hancock County, *Hjelm, J.*) after a nonjury trial establishing a boundary between her lakeside property in Ellsworth and Barbara F. Burr's adjacent property. Jordan argues that the court erred as a matter of law in reading her answer to admit a certain paragraph of Burr's complaint and in entering a judgment after the trial that was based on the pleadings. We find no error in the court's reliance on Jordan's admission. Because Jordan failed to provide us with a transcript, we must assume that the trial evidence supported the portion of the court's judgment that was based on the evidence adduced at trial. Accordingly, we affirm the judgment.

I. BACKGROUND

[¶ 2] Barbara F. Burr and Mary L. Jordan own abutting parcels of land on Branch Lake in Ellsworth. These parcels were initially part of a larger lot owned by Gerald and Viola Round. The Burr and Jordan parcels are two of several cottage lots that the Rounds conveyed in 1949 and 1950. In September 2006, Burr filed a complaint in the Superior Court seeking a declaratory judgment to establish the boundary line between the Burr and Jordan parcels.

[¶ 3] Jordan represented herself at the time she filed her answer to the complaint. Her answer did not respond to the complaint paragraph by paragraph, M.R. Civ.

P. 8(b), 10(b); rather, it presented an independent narrative of events.

[¶ 4] Due to the form of Jordan's answer, Burr filed a motion to clarify the effect of that answer. Jordan did not respond in any way to the court's order on Burr's motion to clarify the effect of her answer. The court granted the motion and deemed certain averments to have been admitted, including paragraph seven of Burr's complaint. Paragraph seven of the complaint provides:

> Upon information and belief, the Jordan Property was the last outconveyance of the cottage lots by the Rounds, and at that time, the remaining parcel which became the Jordan Property, *i.e.,* the land left between the Wallace lot (the cottage lot abutting the Jordan Property on the southerly side) and the Burr Property (the cottage lot abutting the Jordan Property on the northerly side) was only 90 feet wide, even though the deed from Rounds to Jordan ... recited that it was 100 feet wide.

[¶ 5] Because Jordan did not object to Burr's motion to clarify Jordan's answer as admitting that the lot was only ninety feet wide nor did she further clarify that admission, when the court granted Burr's motion, the ninety-foot width of her lot became an undisputed fact.

[¶ 6] The parties proceeded to trial on the question of the placement of the boundary line in August 2007. After trial, the court entered a judgment that relied, in part, on Jordan's deemed admission of paragraph seven. The court reasoned as follows:

> This dispute is resolved conclusively by the state of the parties' pleadings. Because of the nature of Jordan's responsive pleading, Burr filed a motion for an order that would clarify which specific allegations were admitted and which were denied. Jordan, who was then self-represented, did not object to Burr's motion, and the court granted that motion. One of Burr's allegations that Jordan was deemed to have admitted was the claim that Jordan's parcel is 90 feet wide, despite the recital in Jordan's deed that it is 100 feet wide. *See* complaint at ¶ 7. This can only refer to the north-south dimension of Jordan's lot, because Jordan's deed describes the southerly and northerly boundaries as 150 feet in length. Consequently, Jordan's admission of this allegation in the complaint forecloses her argument that the lot is 100 feet in width. This, by itself, establishes that the southwesterly corner of the Burr lot is located where Burr contends it is located and where Stephen Salisbury, a licensed surveyor, concluded it is located. The location of that corner and the resulting location of the parties' common boundary are depicted graphically as the solid line on Salisbury's survey. *See* plaintiff's exhibit 6. The court grants judgment to Burr with a judicial declaration that the parties' mutual boundary line is located there.

[¶ 7] Jordan appeals from this judgment.

## II. DISCUSSION

[¶ 8] Jordan contends that the court erred in determining that her answer admitted paragraph seven of Burr's complaint and that the court should have made its decision based on the trial evidence, not the pleadings. The court, however, did not rely solely on the pleadings. Rather, it began by accepting the ninety-foot admission in the pleadings, and then addressed the facts presented at trial to arrive at a final declaration of the location of the boundary line.

[¶ 9] To the extent the court relied on Jordan's admission it did not err in doing so. Admissions contained in a party's pleadings are binding on those parties both at trial and on appeal. *See* M.R. Civ. P. 8(d); *cf. Connolly v. Connolly,* 2006 ME 17, ¶ 7 n. 1, 892 A.2d 465, 467; *see also MP Assocs. v. Liberty,* 2001 ME 22, ¶ 28, 771 A.2d 1040, 1048–49 (holding that parties are generally bound by the stipulations they agree to). Moreover, in the absence of a trial transcript, which it was Jordan's burden to provide on appeal, M.R.App. P. 8(h)(7), we must assume that the evidence supporting the court's factual findings was presented at trial. *See Ginn v. Kelley Pontiac–Mazda Inc.,* 2004 ME 1, ¶ 15, 841 A.2d 785, 788. We will not disturb the trial court's judgment in these circumstances.

The entry is:

Judgment affirmed.