STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-13-033
JAW-CUM-10/30/2013

KIMBERLY McCORMICK,
      Plaintiff/Appellee

            v.                                    DECISION ON APPEAL

TWIST FAMILY MOTORS LLC,
      Defendant/Appellant

Appellant Twist Family Motors appeals from a District Court (Portland, Kelly, J.) small claims judgment for Kimberly McCormick in the amount of $3500 plus $2,053.66 for costs and attorney's fees.

BACKGROUND

In September 2012, Ms. McCormick purchased a used Cadillac Deville from Michael Twist, owner of Twist Family Motors. Prior to completing the sale, Ms. McCormick specifically asked about whether any warning lights in the car were illuminated and whether the car would pass inspection in Massachusetts. Mr. Twist assured her that there were no active warning lights and that the car had recently passed Maine inspection. Nevertheless, while Ms. McCormick was driving home after buying the car, five warning lights on the dashboard activated. Ms. McCormick brought the car to a mechanic who estimated that repairs would cost $8,645.58. Ms. McCormick returned the car and demanded her money back, but Mr. Twist refused.

Ms. McCormick retained an attorney and filed a statement of claim on April 11, 2013. The case was tried on May 16 and the court entered judgment in favor of Ms. McCormick on May 23. The court found that Ms. McCormick was entitled to revoke her acceptance under 11 M.R.S.A. § 2-608, Mr. Twist breached express and implied

warranties, and Mr. Twist violated sections of the Used Car Information Act, 10 M.R.S.A. §§ 1471-1478. The court also awarded attorney's fees and costs pursuant to 10 M.R.S.A. § 1476(4) and 5 M.R.S.A. § 213(2). Mr. Twist filed a notice of appeal on June 21, 2013.

DISCUSSION

Small claims appeals from the District Court "shall be on questions of law only and shall be determined by the Superior Court without jury on the record on appeal specified in Rule 76F." M.R. Civ. P. 76D.

1. Failure to Provide Record

Mr. Twist has failed to provide a transcript or statement of the evidence for the record in this case. "[W]hen a party does not furnish the Superior Court with any transcript of the evidence in the District Court, or any statement of the evidence or proceedings . . . the Superior Court has no basis for reviewing the judgment of the District Court." *Manzo v. Reynolds*, 477 A.2d 732, 734 (Me. 1984). An appeal must be denied when the appellant fails to provide an adequate record for review. *Id.* Thus, Mr. Twist's factual arguments fail because the Court cannot review the District Court's decision without a record of the evidence taken at trial.

2. Review for Errors of Law

Mr. Twist urges the Court to review the District Court decision itself for errors of law. He argues that the implied warranty of merchantability does not apply to the sale of used cars because the Used Car Information Act provides the exclusive remedies for issues related to used car sales. Even under Mr. Twist's preferred statute, however, a used car dealer is liable if "[h]e transfers ownership of a used motor vehicle which does not

2

conform to the warranty imposed by section 1474, subsection 1." 10 M.R.S.A. § 1476(2)(C). Under that section, a used car dealer warrants that the car meets state inspection standards. 10 M.R.S.A. § 1474(1). The statute explicitly states that the warranty "may not be excluded, limited, modified or waived by words or conduct of either the dealer or any other person." 10 M.R.S.A. § 1474(2). The District Court found that Mr. Twist breached the warranty guaranteed by the Used Car Information Act because the Cadillac did not meet state inspection standards. Ms. McCormick was therefore entitled to "[r]escind the contract of sale and recover the full consideration paid for the motor vehicle." 10 M.R.S.A. § 1476(3)(A).

Accordingly, Mr. Twist's appeal is denied.

The entry is:

The judgment of the District Court is AFFIRMED.

Dated: October 29, 2013

_____
Joyce A. Wheeler
Justice, Superior Court

Plaintiff-Stephen Whiting Esq
Defendant-Pro Se

3