STATE OF MAINE
YORK, SS.

SUPERIOR COURT
Civil Action
Docket No. AP-15-0032

WALTER W. KIERNAN,

        Plaintiff / Appellant,

v.

**DECISION AND ORDER**

**JAMES CAMPBELL, as Parent and
Next Friend of Minor Maeve Campbell,**

        Defendant / Appellee.

Walter Kiernan appeals from a judgment entered for James Campbell after a final hearing in this small claims action in York District Court (*Cantara, J.*).   For the reasons set out below, the appeal is denied.

### Background

Mr. Kiernan filed this small claims action in July 2015.   The statement of claim alleges that in January 2015 Maeve Campbell drove her car off of the road and "smashed into a marble pillar at the end of my driveway."   The statement of claim requested $4,000 in damages.

At the final hearing on October 8, 2015 the District Court granted an oral motion to amend the complaint to substitute James Campbell as defendant and next friend for Maeve Campbell in light of the fact that she was a minor.   After hearing the testimony and considering the evidence presented, the District Court issued judgment for defendant / appellee.   The hearing was not recorded.

1

Plaintiff/appellant filed this appeal six days later, on October 14, 2015. The notice of appeal states that "[n]o electronic or other recording of the proceedings being available, *a statement in lieu of transcript will be prepared.*" (emphasis added)

On October 27, 2015, the clerk of the Superior Court issued a notice and briefing schedule indicating that appellant's brief was due "40 days after October 21, 2015, which is the date on which the District Court Record was filed in this Court."

On December 1, 2015 appellant filed his brief—a two-page letter dated November 24, 2015, along with copies of a police report, photographs, a hand-written estimate of expenses and a letter from Patriot Insurance Company. It is clear from appellant's letter that his principal contentions on appeal are that the District Court judge erred in concluding that he had not met his burden of proof; erred in concluding that there was insufficient evidence to find appellee liable for the damages caused to his property on January 8, 2015; and erred by not considering certain evidence. The letter states: "I would like a review of my case in order to be assured the proper due and further opportunity to hear how, in fact, this burden was not met." 11/24/2015 Kiernan Letter, at p. 2. Further: "There should be no reason, based on all the evidence, why my case was dismissed without recompense." *Id.*

On December 21, 2015 appellee's counsel, John R. Veilleux, Esq., filed a brief in opposition. Attached to the brief was a copy of the District Court's October 8th judgment.

Since the filing of the briefs, there have been a number of additional filings.

On January 5, 2016 appellant filed a letter dated December 29, 2015, that is self-described as a "motion charging Atty. John R. Veilleux with filing falsified statements and providing the court with deceptive documents regarding my case." The letter

2

essentially disputes certain statements in appellee's brief characterizing what had occurred at final hearing.

On January 8, 2016 appellee's counsel filed an objection to "plaintiff's so-called motion."

On January 13, 2016 appellant filed a transcript and audio order form. It confirms what was already stated in the notice of appeal, namely that the October 8th hearing was not recorded and therefore "no transcript exists". Another letter filed by appellant on January 20, 2016 also so confirms.

Appellant subsequently filed on March 3, 2016 a letter dated February 22, 2016 "requesting from the court permission to take testimony thru a deposition of Ms. Maeve Campbell."

Appellant also filed on March 3, 2016 copies of a letter dated February 17, 2016 enclosing another letter and motion directed to the District Attorney "charging Attny. John Veilleux with perjury" and requesting action on the part of the District Attorney with respect to statements contained in Attorney Veilleux's filings in this appeal.[1]

Appellant has not filed, however, a settled statement of the evidence and proceeding in lieu of transcript pursuant to M.R. Civ.P. 76(f).

### Discussion

Small claims actions are, by design, less formal proceedings. Nonetheless, a plaintiff in a small claims action still has the burden of proving at trial that a defendant is liable (that is, responsible) under the law for damage caused. Presumably in this case the basis for liability was negligent operation of a motor vehicle by Ms. Campbell on the evening in question in January 2015.

---

[1] These filings were directed to the District Attorney. The court takes no action on them.

Both at trial in a small claims action as well as when an appeal is taken from a small claims judgment, there are a special set of rules that apply and must be followed even though, as noted, small claims actions are less formal proceedings. The Maine Rules of Small Claims Procedure "govern the procedure in all small claims actions in the District Court and on appeal in the Superior Court." M.R.S.C.P. 1.

Rule 11(d)(1) of these rules states: "An appeal *by a plaintiff* shall be *on questions of law only* and shall be determined by the Superior Court without a jury *on the record on appeal prepared as provided in paragraph (3) of this subdivision.*" M.R.S.C.P. 11(d)(1) (emphasis added).

Here, it is the plaintiff who has appealed. The appeal is therefore limited to review of questions of law only. One who elects to file an action in small claims court and then loses at trial is not permitted by the rules to request another trial. In other words, a plaintiff does not get a "second bite at the apple" to re-try the case on the facts on appeal.[2]

This court's review of a small claims appeal is confined to the record of the proceeding before the District Court. As noted, the "record on appeal" is "prepared as provided in paragraph (3) of this subdivision," which is Rule 11(d)(3). M.R.S.C.P. 11(d)(1). Rule 11(d)(3) states that "preparation and transmission of the record to the Superior Court" in a small claims appeal such as this one is governed by Rule 76F of the Maine Rules of Civil Procedure. M.R.S.C. 11(d)(3). When the proceeding in the District Court is recorded electronically, the party appealing the trial court's decision is responsible for preparing and filing a transcript of the trial so that this court can review

---

[2] Even if the court could entertain this appeal, it would not involve the taking of new evidence or a new trial. M.R.S.C.P. 11(d)(1). Appellant's request to depose Ms. Campbell, therefore, would have been denied. In light of the disposition of this case, the request is dismissed as moot.

the evidence that was presented to, and the rulings that were made by, the District Court judge. When there is no recording of the trial—as is the case here—Rule 76F(c) establishes an alternative procedure for preparing an appropriate record essential for the Superior Court's review on appeal.

The procedure is as follows. The person appealing the decision—here, Mr. Kiernan—must (i) prepare a statement of the evidence and proceeding, (ii) provide said statement to the opposing party within 10 days after an appeal is taken, and then (iii) submit the proposed statement to the District Court judge who heard the trial "for settlement and approval." "[A]s settled and approved [this statement of the evidence and proceedings] *shall be included in the record on appeal in the Superior Court.*" M.R. Civ.P. 76F(c) (emphasis added). The foregoing procedures must be followed to prepare an adequate record for the appeal. The foregoing procedure was not followed in this case.

Because there is neither a transcript nor a settled statement of the evidence and proceedings of the hearing in the District Court, this court has no basis upon which to review the District Court's decision. *Manzo v. Reynolds,* 477 A.2d 732, 734 (Me. 1984). It is especially important in a case such as this one to have a record of the District Court proceeding, whether by transcript or by settled statement of the evidence and proceedings prepared in accordance with the rules. The issue before the court on appeal essentially is whether the District Court judge properly assessed the evidence and concluded that appellee was not liable. How is this court supposed to determine whether the trial judge was correct or incorrect in his rulings and decision when there is no independent record of the proceedings at trial, including the testimony and evidence upon which the judgment is based?

5

When a proceeding has not been recorded, as here, it is the appellant's responsibility to "settle the record" in accordance with the procedures set out in Rule 76F(c). It is a well-established principle of appellate review that absent a proper record on appeal, the reviewing court assumes that the trial court's findings were supported by the evidence. *See Barr v. Jordan*, 2008 ME 87, 948 A.2d 582.

Accordingly, the entry must be:

**Appeal is DENIED.**

The clerk may incorporate this order upon the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

**SO ORDERED.**

DATE:    March 23, 2016

Wayne R. Douglas
Justice, Superior Court