STATE OF MAINE                                      SUPERIOR COURT
YORK, ss.                                           Civil Action
                                                    Docket No. AP-17-0040


THOMAS PRITCHETT,

        Plaintiff/Appellant,

v.                                                  ORDER

ROBERT LAQUIDARA

        Defendant/Appellee.


Appellant Thomas Pritchett appeals from a small claims judgment entered for Robert Laquidara after a final hearing in York District Court (*Janelle, J.*) on October 5, 2017. The appeal is denied because appellant failed to file a statement of the record in compliance with the rules.

Judgment entered on October 12, 2017. A timely appeal was filed on November 13, 2017. Upon the filing of the notice of appeal, the clerk issued a notice and briefing schedule on the same date (November 13, 2017) requiring appellant to file a "statement in lieu of transcript" by January 12, 2018, and a brief 40 days after that date. On January 8, 2018, appellant filed a two-page document that presumably purports to be a statement in lieu of transcript.

Although small claims actions are by nature less formal proceedings, there are rules that apply. The Maine Rules of Small Claims Procedure "govern the procedure in all small claims actions in the District Court and on appeal in the Superior Court." M.R.S.C.P. 1.

1

Rule 11(d)(1) of the rules states: "An appeal *by a plaintiff* shall be *on questions of law only* and shall be determined by the Superior Court without a jury *on the record on appeal prepared as provided in paragraph (3) of this subdivision.*" M.R.S.C.P. 11(d)(1) (emphasis added). Paragraph 3 of Rule 11(d) provides that "Rule 76F of the Maine Rules of Civil Procedure applies to the preparation and transmission to the Superior Court of the record on appeal in small claims actions". M.R.S.C.P. 11(d)(3).

In cases such as this one, where there apparenlty was no electronic recording of the hearing in District Court and therefore no transcript of the hearing available on appeal, Rule 76F(c) provides an alternative procedure for preparing an appropriate record. The procedure is as follows. The person appealing must (i) prepare a statement of the evidence and proceeding; (ii) provide said statement to the opposing party within 10 days after an appeal is taken; and then (iii) submit the proposed statement to the District Court judge who heard the trial "for settlement and approval." M.R. Civ.P. 76F(c). It is the "settled and approved" statement that becomes the record on appeal in the Superior Court." It appears this was not done here.

Because the record on appeal contains neither a transcript nor a proper statement in lieu of transcript, this court has no basis upon which to review the District Court's decision. *Manzo v. Reynolds,* 477 A.2d 732, 734 (Me. 1984). It is especially important in a case such as this one—where the issue on appeal may be whether the District Court judge properly concluded that there was insufficient evidence to find defendant liable—to have a proper, complete and

2

*independent* record of the District Court proceeding. Otherwise, how is this court to determine fairly whether the trial judge was correct or incorrect?

It is appellant's responsibility to "settle the record" in accordance with the procedures set out in the rules. Absent a proper record on appeal, the reviewing court assumes that the trial court's findings were supported by the evidence. *See Barr v. Jordan,* 2008 ME 87, 948 A.2d 582. To the extent there are other legal issues presented by the appeal, the court lacks an independent record on which to assess them.

Accordingly, the entry is: "Appeal DENIED. Judgment of the District Court AFFIRMED." The clerk may incorporate this order upon the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

**SO ORDERED.**

Dated: January 25, 2018

Wayne R. Douglas
Justice, Maine Superior Court

ENTERED ON THE DOCKET ON: 1/25/2018

3