STATE OF MAINE
OXFORD, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-17- 04

DEBORAH MEEHAN,

    Plaintiff-Appellant,

v.

JOSEPH BOOTH AND LISA BOOTH

    Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)

ORDER ON PLAINTIFF-APPELLANT'S
SMALL CLAIMS APPEAL

Before the Court is Plaintiff-Appellant Deborah Meehan's appeal from a small claims judgment entered in the Bridgton District Court in favor of Defendant-Appellees, Joseph and Lisa Booth, Docket No. BRIDC-SC-17-106. A hearing on the appeal was held on January 8, 2018 in the Oxford County Superior Court. All parties were present and self-represented. Based on the following, Plaintiff-Appellant Meehan's appeal is denied and the small claims judgment is affirmed.

## I.    Background

The underlying claim arose from a contractual dispute involving certain construction tasks undertaken by the Booths for Ms. Meehan. After hearing on June 6, 2017, the District Court (Duddy, J.) entered judgment in favor of Defendants because Plaintiff's claim was barred by the statute of limitations.

Ms. Meehan argues that this is error, because she still considered Mr. Booth her general contractor well within the statute of limitations period.

## II.    Standard of Review

Any aggrieved party may appeal a small claims judgment entered by the District Court to the Superior Court. M.R.S.C.P. 11(a). An appeal by a plaintiff shall be on questions of law only

and shall be determined by the Superior Court without a jury based on the record on appeal. M.R.S.C.P. 11(d)(1). On appeal, the Superior Court will affirm a small claims judgment entered by the District Court unless the judgment was "arbitrary, capricious or unreasonable" based on the evidence in the record on appeal presented as a whole. *Manzo v. Reynolds*, 477 A.2d 732, 733 (Me. 1984).

The record on appeal shall consist of the original papers and exhibits filed in the District Court, a certified copy of the docket, and a transcript of the hearing before the District Court. M.R. Civ. P. 76F(a). The appellant has the burden of providing an adequate record for the appeal. *Sullivan v. Zimmerman*, 2013 Me. Super. LEXIS 286, at *2 (Nov. 7, 2013) (citing *Lamb v. Euclid Ambler Assoc.*, 563 A.2d 365, 367 (Me. 1989)). If the appellant wishes to include all or part of a transcript of the District Court proceeding in the record on appeal, the appellant must file a transcript order form with the notice of appeal. M.R. Civ. P 76H(e)(3)(B)(i). If for reasons beyond the appellant's control, a recording or transcript of the District Court proceeding is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best means available, including the appellant's own recollection. M.R. Civ. P. 76F(c).

### III.   Analysis

Ms. Meehan's argument does not undermine the District Court judgment in the least. Whether she still considered Mr. Booth to be her contractor or whether Mr. Booth in fact acted as her contractor within the limitations period is not, standing alone, important to the analysis for purposes of the limitations period problem correctly identified by the District Court. The limitations period is six years from the time the cause of action accrues. 14 M.R.S.A. §752. In a breach of contract case, such as this one, the time the cause of action accrues is the time of the alleged breach. It appears well supported by the record that the last invoice was submitted on

2

March 25, 2011 for work performed on the same date. Even assuming the work of March 25, 2011 was part of Ms. Meehan's claim of breach of contract, service was not completed until six years and one month later.

### IV.    Conclusion

Based on the foregoing, the appeal is denied and the small claims judgment entered by the District Court in favor of Mr. and Mrs. Booth[1] is affirmed.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date:  February 2, 2018

Lance E. Walker
Justice, Superior Court

---

[1] Mrs. Booth was dismissed by the District Court at the end of the hearing and Ms. Meehan did not challenge that part of the judgment on appeal. In any event, there is nothing in the record that would cause the Superior Court to disturb the judgment.

3