**INTERNATIONAL SILVER CO.**

v.

**Joe DiGIROLAMO, d/b/a Slenderworld International.**

Supreme Judicial Court of Maine.

Argued May 10, 1984.

Decided May 24, 1984.

Greenberg & Greenberg, Stanley Greenberg, (orally) Portland, for plaintiff.

Russell B. Boisvert, (orally) Bridgton, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

PER CURIAM.

The defendant, Joe DiGirolamo, appeals from a judgment of the Superior Court, Cumberland County, affirming a District Court order entering summary judgment for the plaintiff International Silver Company. We affirm the judgment.

By complaint filed in the District Court, Division of Northern Cumberland, on January 10, 1983, the plaintiff alleged the defendant owed $2,905.31 for goods it had sold and delivered to the defendant, plus $581.10 in accrued interest. The defendant, answering *pro se*, stated the goods had been delivered late, and he was returning them to the plaintiff.

The plaintiff moved for summary judgment based on the pleadings. A hearing was held on the plaintiff's motion on May 25, 1983, at which both parties appeared, the defendant appearing without counsel. There is no indication in the record that either party requested a recording of the proceedings, pursuant to M.D.C.Civ.R. 76(a), and none was made. On June 7, 1983, the court granted the plaintiff's motion for summary judgment, awarding International Silver Company $2,905.31, plus interest and costs.

The defendant, continuing to act *pro se*, appealed to the Superior Court, pursuant to M.D.C.Civ.R. 73(a). The Superior Court affirmed the judgment of the District Court, finding "no error of law appears on the record."

The defendant has retained counsel for his appeal to this court, and argues, apparently for the first time, that the proper party defendant in this action is Slenderworld International, Inc. and that the District Court erred in finding the defendant personally liable for that corporation's debts.

We have repeatedly stated that an appellant has an affirmative duty to provide the reviewing court with an adequate record upon which consideration can be given to the arguments advanced in support of the appeal. *See, e.g., State v. Meyer,* 423 A.2d 955, 956 (Me.1980); *Boothbay Register, Inc. v. Murphy,* 415 A.2d 1079, 1080 (Me.1980); *Meyer v. Meyer,* 414 A.2d 236, 238 (Me.1980). In the instant

case, the appellant did not furnish the Superior Court with any transcript of the proceedings in the District Court, nor provide any other record authorized as a basis for review by M.D.C.Civ.R. 75(c) or 75(d). The Superior Court was therefore entirely correct in affirming the judgment.

■ The record before us does not show the issues raised by the defendant on this appeal to have any merit whatsoever, and the defendant could not reasonably have believed that this appeal had any chance of success. *Cf. Boothbay Register, Inc. v. Murphy*, 415 A.2d at 1080. We find this appeal to be frivolous, and impose treble costs, and attorney's fees in the amount of $150, upon the appellant, payable to International Silver Co., the prevailing party, or its attorney. 14 M.R.S.A. § 1802 (1980); M.R.Civ.P. 76(f).

The entry is:

Judgment affirmed.

Treble costs and $150 attorney's fees allowed to the appellee.

All concurring.