Michael **FOURNIER**

v.

David **BERNIER** et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 14, 1987.
Decided Feb. 12, 1987.

William Smith (orally), Van Buren, for plaintiff.

Harold L. Stewart (orally), Presque Isle, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

PER CURIAM.

The defendants, David and Carolyn Bernier, appeal the order of the Superior Court, Aroostook County, dismissing their appeal from a judgment entered by the District Court, Presque Isle, following a small claims proceeding. The Berniers contend that the Superior Court erred in holding that they failed to file their appeal seasonably. We affirm.

On January 14, 1986, the plaintiff, Michael Fournier, initiated a small claims procedure in the District Court to recover damages for the cost of repair to a truck Fournier had recently purchased from the Berniers. The District Court heard the matter on March 4, and on March 25, entered judgment for Fournier. On Friday, April 7, thirteen days after entry of judgment, without requesting an extension of time under Rule 11(a) of the Rules of Small Claims Procedure, the Berniers filed a notice of appeal to the Superior Court. Fournier then moved to dismiss the appeal because it was filed later than the ten-day period specified by Rule 11(a). The Superior Court granted Fournier's motion to dismiss and the Berniers have appealed to this court.

■ Rule 11 of the Rules of Small Claims Procedure governs the time limitation for filing an appeal to the Superior Court from a judgment entered by the District Court in a small claims proceeding. Rule 11(a) reads in relevant part:

The time within which an appeal may be taken shall be 10 days from the entry of the judgment appealed from, except that upon a showing of excusable neglect the court may extend the time for filing the notice of appeal for up to 30 days from the expiration of the original time set by this rule.

The last day the Berniers had for filing a notice of appeal was Friday, April 4. They made no showing of nor did they attempt to show excusable neglect. Since they actually filed the following Monday, April 7, the Superior Court was unquestionably correct in dismissing the action.

The Berniers contend, nevertheless, that Rule 6(e) of the Maine Rules of Civil Procedure should be read into M.R.S.C.P. 11(a). Under M.R.Civ.P. 6(e), a party required to "do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him" by mail has an additional three days in which to act. If M.R.Civ.P. 6(e) is read into M.R.S.C.P. 11(a), the Berniers argue, Monday, April 7, was the last day on which to file notice of an appeal. This contention is wholly without merit.

■ Rule 8 of the Maine Rules of Small Claims Procedure effectively disposes of the Berniers' contention. Under M.R.S.C.P. 8(f) the clerk of the District Court is required to provide copies of the notice of judgment to the parties either in hand or by mail. Nevertheless

[f]ailure of the clerk to send copies as herein provided *does not affect the time to appeal or relieve, or authorize the court to relieve,* a party for failure to appeal within the time allowed, except as permitted in Rule 11(a).

M.R.S.C.P. 8(f) (emphasis added). Thus the rules demonstrate unequivocally that a showing of excusable neglect is the sole means available to the parties and the court of extending the period of time for taking an appeal.

The ten-day period for filing a notice of appeal in M.R.S.C.P. 11(a) is patterned on M.D.C.Civ.R. 73(a), and is deliberately short in order to promote "the policy of expeditious and inexpensive determination of controversies within the jurisdiction of the District Court." 2 Field, McKusick & Wroth, *Maine Civil Practice* § 173.1 (2d ed. 1970); *see also* Me.Rptr., 449–458 A.2d XXXIX. The Berniers' remedy was to

move the court for an extension of time on the ground of excusable neglect. M.R.S. C.P. 11(a). This they did not do.

 Moreover, even if M.R.Civ.P. 6 somehow applied to a small claims procedure in the District Court, the enlargement of time to act does not apply to time periods for taking an appeal. *See* M.R.Civ.P. 6(b) & 73(a). The three-day additional time provided in M.R.Civ.P. 6(e) applies to parties served by mail, *see* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 6.9 (2d ed. 1970), and not to acts necessitated or triggered by entry of judgment.

 The Berniers could not reasonably have believed that this appeal had any chance of success. Accordingly, we find this appeal to be frivolous and impose treble costs upon the appellants, payable to Fournier, the prevailing party, or his attorney. *See* M.R.Civ.P. 76(f).

The entry is:

Judgment affirmed.

Treble costs allowed to the appellee on the appeal to the Law Court.

All concurring.