INTERNATIONAL PAPER REALTY CORPORATION

v.

**Clement A. ST. HILAIRE.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 30, 1987.
Decided May 18, 1987.

Andrea C. Najarian, Michael D. Seitzinger, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Augusta, for plaintiff.

Clement A. St. Hilaire, pro se.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK, and CLIFFORD, JJ.

PER CURIAM.

Clement A. St. Hilaire appeals from the judgment of the Superior Court, Oxford County, affirming the judgment for International Paper Realty Corporation (IPRC) entered by the District Court, Rumford, in the action by IPRC against St. Hilaire for forcible entry and detainer pursuant to 14 M.R.S.A. § 6001 (1980 & Supp.1986). We hold that St. Hilaire's appeal is frivolous, and accordingly we affirm the judgment of the Superior Court and impose treble costs pursuant to M.R.Civ.P. 76(f).

After a hearing on the forcible entry and detainer action brought by IPRC against St. Hilaire, the District Court found that IPRC owned the property occupied by St. Hilaire and that St. Hilaire's possessory rights to the property had terminated, and entered judgment for IPRC. The Superior Court affirmed the judgment of the District Court, and St. Hilaire has appealed.

■ We have repeatedly stated that the appellant has the burden of providing the reviewing court with a sufficient record to allow adequate consideration to be given arguments advanced on appeal. *See International Silver Co. v. DiGirolamo*, 475 A.2d 1143, 1144 (Me.1984). In the instant case St. Hilaire did not furnish to the Superior Court any transcript of the proceedings before the District Court or provide any other record authorized as a basis for review by M.D.C.Civ.R. 75(c) or (d). In the absence of any such record, the Superior Court properly held that it must assume that the trial court made its findings based on evidence sufficient to support its decision and affirmed the judgment of the District Court. *Id.* at 1145.

■ Sanctions may be imposed when we find an appeal is frivolous or has been instituted primarily for the purpose of delay. M.R.Civ.P. 76(f) (1986); *see Olson v. Albert*, 523 A.2d 585, 589 (Me.1987); *Folsom v. Great Atlantic & Pacific Tea Co.*, 521 A.2d 678 (Me.1987). After a review of the brief of St. Hilaire, we conclude that his appeal is frivolous and we impose sanctions pursuant to M.R.Civ.P. 76(f). This appeal has "increased the costs of and delayed the litigation and served to dissipate the time and resources of this court." *Folsom v. The Great Atlantic & Pacific Tea Company*, 521 A.2d 679 (Me.1987). Since IPRC has not asked for sanctions, we order only treble costs to be paid.

The entry is:

Judgment affirmed. The defendant shall pay treble costs to the plaintiff.

All concurring.