### Oscar WALKER

v.

### Joanne G. HEBER.

Supreme Judicial Court of Maine.

Argued Nov. 19, 1987.

Decided Dec. 16, 1987.

Oscar Walker, pro se (orally), Bangor, for plaintiff.

Dale L. Worthen, Roger G. Innes (orally), Hale & Hamlin, Ellsworth, for defendant.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

PER CURIAM.

Oscar Walker appeals from the decision of the Superior Court, Hancock County, ordering summary judgment in favor of Joanne G. Heber on Walker's complaint.[1] Because the court correctly determined that there is no genuine issue of material fact and that Heber is entitled to judgment as a matter of law, we affirm the judgment of the Superior Court. We further find that Walker's appeal is frivolous and we award attorney fees and costs to Heber.

At the hearing on the motion for summary judgment, plaintiff's counsel accepted the court's statement of the sole issue: whether Walker owns fifty feet or sixty-eight feet of lakefront property. The plaintiff offered nothing to contradict Heber's evidence showing that Walker owns only fifty feet of frontage. Because the evidence is not in conflict, the court properly determined that there is no genuine issue of material fact and that Heber is entitled to judgment as a matter of law. *See Thompson v. State Dept. of Transportation,* 521 A.2d 293, 295 (Me.1987).

On appeal, Walker, appearing *pro se,* offered no sufficient argument in opposition to Heber's position. In the face of his failure to even attempt to contradict the defendant's position on what the parties agreed was the sole issue, the plaintiff could not reasonably have believed that this appeal had any chance of success. *See Fournier v. Bernier,* 520 A.2d 1305, 1307

---

1. Walker's wife, Charlotte, was a party plaintiff in the Superior Court. She has not pursued an appeal to the Law Court.

(Me.1987); *International Silver Co. v. Di-Girolamo*, 475 A.2d 1143, 1145 (Me.1984).

In addition, Heber seeks the imposition of sanctions for a frivolous appeal. The Law Court has the authority to impose attorney fees and treble costs if an appeal is "frivolous or instituted primarily for the purpose of delay." M.R.Civ.P. 76(f). While we reserve this sanction for "egregious cases," we will not hesitate to exercise our authority under Rule 76(f) where "an appeal is obviously without merit and has been taken with no reasonable likelihood of prevailing, and results in delayed implementation of the judgment of the lower court; increased costs of litigation; and dissipation of the time and resources of the Law Court." *Auburn Harpswell Association, et al. v. Day*, 438 A.2d 234, 238–39 (Me.1981) (per curiam). Because Walker could not reasonably have believed that he might prevail on appeal, we deem the appeal frivolous and impose the sanctions that Heber seeks pursuant to Rule 76(f). *See Gurschick v. Clark*, 511 A.2d 36 (Me. 1986) (*Pro se* appellant who brings a frivolous appeal is subject to the same sanctions for abusing the appellate process as is a litigant who presses a frivolous appeal with an attorney's assistance). We award defendant treble costs and attorney fees in the amount of $500.[2]

The entry is:

Judgment affirmed.

Further ordered that appellant pay to appellee treble costs and $500 toward her attorney fees.

All concurring.

---

**2.** The amount of attorney fees awarded does not reflect the Court's assessment of the value of the legal services provided to the defendant. The amount awarded is that considered by the Court to be an appropriate sanction to impose on the appellant. *See Harpswell*, 438 A.2d at 239 n. 6.