**PEOPLES HERITAGE
SAVINGS BANK**

v.

**Richard A. DUMONT, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 17, 1989.

Decided Dec. 1, 1989.

John R. Bass, Marshall J. Tinkle, Thompson, McNaboe, Ashley & Bull, Portland, for plaintiff.

David W. Holler, John M. Whalen, Lewiston, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN and GLASSMAN, JJ.

PER CURIAM.

This appeal from summary judgments of foreclosure in favor of the holders of three mortgages entered in Superior Court (Androscoggin County, *Perkins, J.*) presents only issues not previously raised in the trial court. After granting summary judgments, the court directed the entry of final judgments pursuant to M.R.Civ.P. 54(b) without disposing of a third-party complaint and a cross-claim. On appeal by the mortgagors, Richard and Suzanne Dumont, we affirm. We further find the Dumonts' appeal frivolous and we award attorney fees and treble costs, M.R.Civ.P. 76(f).

Peoples Heritage Savings Bank (Peoples) brought an action against the Dumonts to foreclose a mortgage of business property, naming First Federal Savings & Loan Association (First Federal) and William and Debra Rhoads as parties-in-interest because they held mortgages on the same property. Although the Dumonts' responsive pleading is labeled "answer, counterclaim and cross-claim", it made no allegation that could be construed as a counterclaim, cross-claim or an affirmative defense. The Dumonts later filed a third-party complaint, which includes allegations of misrepresentation and fraud against the seller of the business and two parties the seller engaged to negotiate the sale. No allegations of fraud were made against Peoples, First Federal or the Rhoadses, nor did the Dumonts allege any relationship between the mortgage-holders and the third-party defendants. Moreover, nothing contained in Richard Dumont's deposition or in the Dumonts' memorandum in opposition to summary judgment contained any allegation against either bank or against the Rhoadses. Prior to the filing of their appellate brief, all of the Dumonts' claims were directed against the third-party defendants. Those claims have not yet been litigated.

The Dumonts allege in their appellate brief that Peoples, First Federal and the Rhoadses fraudulently induced them to enter into the mortgage agreements. The Dumonts argue that these allegations show

that there is a genuine issue of material fact and that the Court erred in granting summary judgment. Because the issues raised on appeal were never presented to the trial court, we conclude that the Dumonts could not reasonably have expected to prevail in this appeal. In such circumstances, sanctions are appropriate to partially compensate the appellees for their expenditures and to deter abuse of the appellate process. *See Walker v. Heber*, 534 A.2d 969, 970 (Me.1987).

The entry is:

Judgment affirmed.

Further ordered that appellants pay to each appellee treble costs and $300 toward their attorney fees.

All concurring.