**Clement ST. HILAIRE**

v.

**Earle W. EDWARDS, Jr., et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 5, 1990.

Decided Oct. 26, 1990.

Clement St. Hilaire, Auburn, pro se.

Stephen Bither, Monaghan, Leahy, Hochadel & Libby, Portland, for appellees.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and BRODY, JJ.

PER CURIAM.

Clement St. Hilaire appeals from an order of the Superior Court (Cumberland County, *Alexander, J.*) dismissing his claim against Earle and Patricia Edwards. We find no error in the dismissal of the complaint and affirm the judgment.

St. Hilaire filed a complaint against the Edwardses styled "For a Relief of Claim of Compensatory Damages and Entitlement to Punitive Damages." The Superior Court granted the Edwardses' motion to dismiss the complaint and St. Hilaire brought this appeal.

One of the grounds upon which the Edwardses based their motion to dismiss was that the complaint failed to state a claim. The essential allegations of St. Hilaire's confusing complaint[1] appear to be that (1) St. Hilaire, as a real estate agent, entered into an exclusive listing agreement with owners of real estate in New Gloucester that entitled him to a commission upon the sale of the property, and (2) St. Hilaire procured the Edwardses as buyers, but the property was sold to Mr. and Mrs. Edwards while St. Hilaire was not present. The only claim that the complaint could be read to state is that the Edwardses tortiously interfered with St. Hilaire's contract to sell the New Gloucester property. The pleading fails to allege, however, that the Edwardses used fraud or intimidation to procure the breach of St. Hilaire's contract, an essential element of that claim. *See C.N. Brown Co. v. Gillen*, 569 A.2d 1206, 1210 (Me. 1990); *Pombriant v. Blue Cross/Blue Shield of Maine*, 562 A.2d 656, 659 (Me. 1989). Nor does the complaint allege in what way St. Hilaire was deprived of his real estate commission or that the seller refused to pay him a commission. The complaint was properly dismissed pursuant to M.R.Civ.P. 12(b)(6).

St. Hilaire's complaint was so clearly deficient that he could "not reasonably be expected to prevail" on this utterly meritless appeal. *Peoples Heritage Savings Bank v. Dumont*, 566 A.2d 751, 752 (Me. 1989). We conclude that the appeal is frivolous and impose sanctions pursuant to M.R.Civ.P. 76(f) in order "to partially compensate the appellees for their expenditures and to deter abuse of the appellate process." *Id.; accord International Paper Realty Corp. v. St. Hilaire*, 525 A.2d 1035, 1036 (Me.1987).

The entry is: Judgment affirmed. It is further ordered that Appellant Clement St. Hilaire pay to Appellees Earle W. Edwards, Jr. and Patricia L. Edwards treble costs and $500 towards their attorney fees.

All concurring.

---

1. Because St. Hilaire's complaint fails to state a claim, we do not address the Edwardses' contention that the seven-page complaint does not contain a "short and plain statement of the claim showing that the pleader is entitled to relief," as required by M.R.Civ.P. 8(a)(1); that it does not meet the requirements of Rule 8(e)(1) that "[e]ach averment of a pleading shall be simple, concise and direct;" and that it fails to meet the requirements of Rule 10(b) that "[a]ll averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances...."