Clement A. ST. HILAIRE

v.

**August BERTA.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 6, 1991.

Decided March 27, 1991.

Clement A. St. Hilaire, Auburn, pro se.

Norman J. Rattey, Skelton, Taintor & Abbott, Auburn, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, COLLINS and BRODY, JJ.

PER CURIAM.

Before us once again with a frivolous appeal is Clement A. St. Hilaire. Finding his appeal from the adverse judgment of the Superior Court (Androscoggin County, *Delahanty, C.J.*) to be plainly without any merit, we affirm and impose sanctions pursuant to M.R.Civ.P. 76(f).

On June 11, 1990, St. Hilaire brought this action *pro se* against August Berta, naming him in his capacity as president of the Auburn Savings & Loan Association. St. Hilaire's pleading and his accompanying affidavit were nearly unintelligible, but Berta's counsel without objection from St. Hilaire construed them as an attempt to allege that Berta had tortiously interfered with a listing contract that St. Hilaire, a real estate broker, had entered into with Joel and Lisa Blanchard for the sale of their house, which was mortgaged to the Auburn Savings & Loan. The alleged tortious conduct occurred on April 6, 1990, after Auburn Savings & Loan had completed foreclosure on the Blanchards' mortgage and the statutory period of redemption had expired. On that date, Berta refused to tender the house formerly owned by the Blanchards to a buyer procured by St. Hilaire.

Through counsel, Berta filed a motion to dismiss with supporting documents, which the court treated as a motion for summary judgment. Berta's affidavit set forth the

uncontroverted facts that Auburn Savings & Loan had obtained a judgment of foreclosure on the Blanchards' house on November 28, 1989, and that the 90–day period during which the Blanchards could redeem the mortgage pursuant to 14 M.R.S.A. § 6322 (Supp.1990) had expired on February 26, 1990, long before St. Hilaire produced a buyer for the Blanchards' house. With his affidavit, Berta filed copies of the judgment of foreclosure and the report of public sale.

In refusing to allow the Blanchards to redeem their mortgage beyond the statutory time for redemption, Berta acted entirely within the legal right of a foreclosing mortgagee. *See* 14 M.R.S.A. § 6322 (after the statutory period of redemption has expired, "[t]he mortgagee, *in its sole discretion*, may allow the mortgagor to redeem or reinstate the loan after the expiration of the period of redemption but before the public sale") (emphasis added). In this situation, upon expiration of the redemption period the Blanchards' listing contract with St. Hilaire became a nullity; they no longer had anything to sell. Thus, St. Hilaire could not make out the essential elements of any cause of action against Berta for tortious interference with a contractual relationship between St. Hilaire and the Blanchards. *See St. Hilaire v. Edwards*, 581 A.2d 806, 807 (Me.1990); *C.N. Brown Co. v. Gillen*, 569 A.2d 1206, 1210 (Me.1990) (to sustain a claim for tortious interference with a contract, the plaintiff must allege that the defendant "by fraud or intimidation, procured the breach of an existing contract that would have continued but for such wrongful interference").

St. Hilaire had no legal basis whatever for his claim against Berta; "he could 'not reasonably be expected to prevail' on this utterly meritless appeal." *St. Hilaire v. Edwards*, 581 A.2d at 807 (citing *Peoples Heritage Sav. Bank v. Dumont*, 566 A.2d 751, 752 (Me.1989)). The appeal has increased the cost of this litigation, delayed *its outcome*, and "dissipate[d] the time and resources of this Court." *St. Hilaire v. International Paper Realty Corp.*, 528 A.2d 446, 446 (Me.1987); *see also International Paper Realty Corp. v. St. Hilaire*, 525 A.2d 1035, 1036 (Me.1987). St. Hilaire's abuse of the judicial process has been especially burdensome on this appeal. The briefs that St. Hilaire has submitted to us are more than just deficient in their legal arguments. They are as unintelligible as his complaint, citing dubious legal "authority" and mischaracterizing the language and the holdings of cases and statutes from this jurisdiction and others. "To protect the court system and the public it serves from abuse of its process," we impose Rule 76(f) sanctions. *See St. Hilaire v. St. Hilaire*, 567 A.2d 1349 (Me.1990).

The entry is:

Judgment affirmed. It is further ordered that appellant Clement A. St. Hilaire pay to appellee August Berta treble costs and $500 toward his attorney fees.

All concurring.