Eric DAICY

v.

Kaile WARREN, Jr.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 18, 1991.
Decided Dec. 23, 1991.

Grover G. Alexander, Gray, for plaintiff.

Dwight A. Fifield, Childs, Emerson, Rundlett, Fifield & Childs, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

PER CURIAM.

Kaile Warren appeals from a Superior Court (Cumberland County, *Alexander, J.*) order, affirming a District Court (Portland, *Goranites, J.*) judgment, entered in Eric Daicy's suit against Warren for breach of contract. Warren argues that the record is insufficient to support the District Court's findings of fact, specifically its finding that Warren had failed to establish the legal existence of Hillside Construction Company, Inc., and its finding that Warren entered into the contract with Daicy personally and not as a representative of Hillside Construction Co., Inc. Warren also alleges that the District Court's findings of fact and conclusions of law are both contradictory and insufficient to support the judgment. Daicy asks that sanctions be imposed on Warren for bringing a frivolous appeal.

In early 1988, Warren and Daicy entered into an oral contract. Daicy promised to clear two woodlots for Warren and Warren promised to construct a driveway for Daicy. Warren advanced Daicy $200 for supplies and Daicy proceeded to clear cut the two woodlots and stack the lumber. Warren never built the driveway for Daicy.

Daicy successfully sued Warren in District Court for breach of contract and was awarded $4,000, the estimated cost of the driveway. No transcript of the District Court proceedings is available. Warren did not attend the pretrial conference and there is no record of a request that the proceedings be recorded, or a request for a continuance so that the necessary arrangements for recording the proceedings could be made.

The District Court, on request of both parties, issued findings of fact and conclusions of law. Warren appealed to the Superior Court, the judgment was affirmed, and this appeal followed.

I.

█ When the Superior Court acts as an intermediate tribunal, this Court reviews the District Court proceedings directly as if on initial appellate review. *Dunning v. Dunning,* 495 A.2d 821, 823 (Me.1985). "The Law Court will set aside a trial court's finding of fact only if it was clearly erroneous...." *Id.*

█ We have repeatedly stated that "an appellant has an affirmative duty to provide the reviewing court with an adequate record upon which consideration can be given to the arguments advanced in support of appeal." *International Silver Co. v. DiGirolamo,* 475 A.2d 1143, 1144 (Me.1984). The defendant did not supply the Superior Court with a transcript of the District Court proceedings. Defense counsel was in Florida on vacation when the pretrial conference was held and admits that he "should have been more careful." Defense counsel claims, although there is no support for this contention in the record, that several hours before the case was scheduled to begin, he asked that the proceedings be recorded and that the court was unable to make the necessary arrangements with such little notice. Defense counsel did not seek a continuance. As a result, the record on review is sparse and inconclusive.

Warren argues that the record shows the District Court erred in finding that Hillside Construction Company was not a valid corporate entity. The District Court was unwilling to find that Hillside was a legal corporation on the basis of a letterhead and cancelled check. The court noted that it had found defendant's testimony "untrustworthy" and that no articles of incorporation had been admitted into evidence. The District Court's conclusion that Warren had failed to establish that Hillside Construction was a valid corporate entity is not clearly erroneous.

Warren argues that because he does not own any heavy equipment, he must have been acting in a representative capacity

with Hillside Construction Co., Inc. as a disclosed principal. The District Court found otherwise and there is nothing in the record that would lead this Court to conclude that the trial court's finding is clearly erroneous.

The District Court's initial findings were contradictory. The problem was caused by clerical error and corrected. In its amended findings, the District Court found that Warren entered into a contract with Daicy in a personal capacity and had breached that contract. The District Court's findings, as amended, are sufficient to support its judgment.

## II.

Sanctions may be imposed when we find an appeal is frivolous. M.R.Civ.P. 76(f); *see International Paper Realty Corp. v. St. Hilaire*, 525 A.2d 1035, 1036 (Me.1987); *International Silver Co.*, 475 A.2d 1143, 1145. Because the issues Warren raised on appeal are without merit, Warren did not have a reasonable expectation of success, and the record he provided to the reviewing court is inadequate, we conclude his appeal is frivolous and impose sanctions pursuant to M.R.Civ.P. 76(f).

The entry is:

Judgment affirmed. The appellant and his counsel shall pay attorney fees of $500 together with treble costs to the appellee.

All concurring.