Grevis W. MELVILLE

v.

F. Bruce FOSSETT.

Supreme Judicial Court of Maine.

Submitted on Briefs April 30, 1992.

Decided May 15, 1992.

Ricky L. Brunette, Portland, for plaintiff.

Francis M. Jackson, Jackson & Silverstein, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

PER CURIAM.

F. Bruce Fossett appeals from a Superior Court order (Lincoln County, *McKinley, A.R.J.*) dismissing his appeal of a District Court order (Wiscasset, *Westcott, J.*) for failure to provide an adequate record for appellate review. On appeal, Fossett does not openly challenge the Superior Court's determination concerning the adequacy of the record. Rather, he reiterates the arguments he made before the Superior Court as to why the District Court erred. We affirm the judgment of the Superior Court.

This action arises out of a property dispute between Grevis Melville and his nephew, F. Bruce Fossett. In 1983, Melville brought a quiet title action against Fossett. In January 1989, after numerous procedural delays, the matter was scheduled for hearing and the parties agreed to a settlement. The District Court (Wiscasset, *Studstrup, J.*) noted the terms of the settlement and ordered Melville's counsel to prepare and submit a proposed judgment reflecting their agreement.

In January 1990, Melville had yet to submit the proposed judgment and Fossett filed a motion under Rule 54 to return the case to the docket or in the alternative under Rule 60(b) (without any accompanying affidavits) for relief from the District Court order directing Melville to file the proposed judgment. Shortly thereafter, Melville filed the judgment. On February 6, 1990, after a hearing, the District Court (Wiscasset, *Westcott, J.*) denied Fossett's 60(b) motion for lack of sufficient evidence and signed it, after making a few minor alterations to the proposed judgment in order to make it more accurately reflect the original settlement. No transcript of this hearing is available.

Fossett then appealed the February 6 order to the Superior Court claiming that the District Court had enforced an unconsummated agreement over his objection and that the matter should have been heard by the original judge. The Superior Court dismissed the appeal for failure to provide an adequate record for review citing the lack of a transcript of the February 6 hearing, but allowed Fossett thirty days to sup-

plement the record pursuant to M.R.Civ.P. 76F(b). A hearing was held in District Court in an attempt to establish exactly what had transpired during the February 6 hearing. The court concluded that it was unable to go behind the written order and judgment. Its order, along with a transcript of the second hearing, was submitted to the Superior Court. The Superior Court concluded that there was no reason to change its original decision and proceeded to dismiss the appeal for failure to present an adequate record for appellate review. This appeal followed.[1]

## I.

Fossett argues that the Superior Court erred when it dismissed his appeal, but fails to challenge the Superior Court's conclusion that he presented an inadequate record for appellate review. His two primary contentions, that he objected to entry of the judgment and that he sought to have the matter, heard by the original judge, cannot be substantiated without a transcript of the hearing. Because on the record before the court it was impossible to determine whether Fossett made the alleged objections, the Superior Court did not err in dismissing his appeal.

## II.

Melville asks that sanctions be imposed on Fossett for bringing a frivolous appeal. The record before us fails to establish what transpired during the February 6, 1990 hearing. Fossett has twice been told that his arguments could not be considered unless the record was sufficiently supplemented to allow for intelligent appellate review. Knowing this, he has nonetheless chosen to pursue this appeal without supplementing the record in any meaningful fashion. He and his counsel ignore the basis for the Superior Court order from which he appeals and do not address the issue of the adequacy of the record. No one could entertain a reasonable expectation of success on this record. We find the appeal frivolous and impose sanctions pursuant to M.R.Civ.P. 76(f). *See Daicy v. Warren,* 600 A.2d 406, 407 (Me.1991).

The entry is:

Judgment of the Superior Court affirmed. The defendant and his counsel are ordered to pay attorney fees of $500 together with treble costs to plaintiff.

All concurring.

---

1. Initially, Fossett contends that the District Court was compelled to grant his motion for summary judgment filed early in the proceedings because Melville failed to file a timely response. Fossett relies on the mistaken assumption that if no response to a motion for summary judgment is filed, the summary judgment must be granted regardless of whether it is properly grounded in law. The District Court committed no error in denying Fossett's motion for summary judgment.