Clement A. ST. HILAIRE, et al.,

v.

MAINE REAL ESTATE COMMISSION.

No. 7643.

No. Cum–95–326.

Supreme Judicial Court of Maine.

Submitted April 19, 1996.

Decided April 29, 1996.

Clement St. Hilaire, Auburn, Pro Se.

Andrew Ketterer, Attorney General and Timothy W. Collier, Assistant Attorney General, Augusta, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

PER CURIAM.

Clement A. St. Hilaire and Timothy L. St. Hilaire appeal from the judgment of the Superior Court (Cumberland County, *Bradford, J.*) affirming the judgment for the Maine Real Estate Commission (the Commission) entered by the Administrative Court upholding the impositions of sanctions against the defendants by the Commission. The Commission had suspended the St. Hilaires' real estate brokerage licenses for their failure to comply with an earlier Commission order issued against them. We conclude that the St. Hilaires' appeal is frivolous, and accordingly we affirm the judgment of the Superior Court and impose treble costs and attorney fees pursuant to M.R.Civ.P. 76(f).

In 1991, the Commission investigated allegations of professional misconduct on the part of the St. Hilaires' real estate brokerage agency. The Commission found that the St. Hilaires had violated the Real Estate Brokerage License Act, 32 M.R.S.A. § 13001, et seq. (1988 & Supp.) and had also violated Commission rules. The Commission ordered the St. Hilaires to each pay a fine and to attend a real estate professional responsibility course. The St. Hilaires were informed that the proper avenue for appeal of the order was through the Administrative Court, and that such an appeal had to be filed within 30 days. The St. Hilaires appealed directly to the Superior Court, and the appeal was dismissed for lack of jurisdiction. The St. Hilaires took no further steps to appeal the 1991 Commission order, nor did they seek to stay the enforcement of that order. Accord-

ingly, that order is no longer subject to judicial review.

In 1993 the Commission issued a second order against the St. Hilaires for their failure to comply with the 1991 order: they had neither paid the fines nor attended the required course. Failure to comply with a Commission order is an additional violation of the Real Estate Brokerage Licensing Act. *See* 32 M.R.S.A. § 13067(1)(M) (Supp.1995). The Commission suspended the St. Hilaires' real estate brokerage licenses until they complied with the original order. The St. Hilaires appealed the Commission order to the Administrative Court, which affirmed the Commission order. The St. Hilaires then appealed to the Superior Court, which affirmed the Administrative Court. (Cumberland County, *Bradford, J.*). From this judgment, the St. Hilaires now appeal.

 At all points in these proceedings, the St. Hilaires have attempted to challenge the original 1991 Commission order. The time for appeal of that decision has lapsed and the decision is res judicata for this case. At this point in the proceedings, the St. Hilaires may only challenge the legal validity of the 1993 Commission order. The appellants offer no basis for concluding that any legal error was committed by the Commission. The appeal is frivolous.

"Sanctions may be imposed when we find an appeal is frivolous or has been instituted primarily for the purpose of delay. After a review of the brief of [the] St. Hilaire[s], we conclude that [their] appeal is frivolous and we impose sanctions pursuant to M.R.Civ.P. 76(f). This appeal has 'increased the costs of and delayed the [litigation] and served to dissipate the time and resources of this court.'" *International Paper Realty Corp. v. St. Hilaire*, 525 A.2d 1035, 1036 (Me.1987) (citations omitted) [1].

The entry is:

Judgment affirmed. Further ordered that Clement A. and Timothy L. St. Hilaire pay to appellee Maine Real Estate Commission treble costs and $1,000 as partial reimbursement of the cost of attorney fees borne by the Commission.

All concurring.

---

1. This court has imposed sanctions against Clement St. Hilaire for frivolous appeals on three prior occasions. *See International Paper Realty Corp. v. St. Hilaire*, 525 A.2d 1035, 1036 (Me. 1987) (ordering treble costs *sua sponte* ); *St. Hilaire v. International Paper Realty Corp.*, 528 A.2d 446 (Me.1987) (treble costs awarded to Defendant "because [St. Hilaire's] appeal has increased the cost of, and delayed, this litigation while also serving to dissipate the time and resources of this Court."); *St. Hilaire v. St. Hilaire*, 567 A.2d 1349 (Me.1990) (ordering treble costs and $600 in attorney fees because "[b]y any objective standard [St. Hilaire's] appeal is utterly frivolous.")