STATE OF MAINE　　　　　　　　　　　　　SUPERIOR COURT
PENOBSCOT, SS.　　　　　　　　　　　　Docket No. CV-02-184
　　　　　　　　　　　　　　　　　　　　　*A.M.M.- PEN- (0/14/2004*

NEUROLOGY ASSOCIATES OF ）
EASTERN MAINE, P.A.,　　　　 ）
　　　　　　　　Plaintiff,　　 ）
　　　　　　　　　　　　　　　 ）
　　　　　　　　　　　　　　　 ）
　　　　　　　　　　　　　　　 ）
　　　v.　　　　　　　　　　　 ）　　　**ORDER**
　　　　　　　　　　　　　　　 ）
　　　　　　　　　　　　　　　 ）
ANTHEM HEALTH PLANS OF ）
MAINE, INC.,　　　　　　　　 ）
　　　　　　　　Defendant.　　 ）

FILED & ENTERED
SUPERIOR COURT

OCT 14 2004

PENOBSCOT COUNTY

DONALD L. _____

OCT 26 2004

Plaintiff moves the court to reconsider its Order of January 24, 2004, which dismissed counts II, III, IV, VI, VII, and VIII of the Second Amended Complaint. Plaintiff's memo raises no new issues of law. Rather, it focuses upon what it perceives to be patent errors in the court's earlier Order. Although reconsideration is not properly invoked in such circumstances, the court will elaborate upon its earlier ruling.

Count II purports to assert a claim of intentional interference with existing contractual relationships. Central to such a claim is the necessary identification of a contract or series of contracts which the Defendant allegedly interfered with through the use of fraud, misrepresentation or intimidation. Hillaire v. Edwards, 581 A.2d 806 (Me. 1990). Such a claim must assert that an existing contract was breached by third parties as a result of the Defendant's actions and the Plaintiff suffered actual damage thereby. Count II alleges no facts which could constitute fraud or misrepresentation.[1] The facts as stated in Count II, taken in a light most favorable to the Plaintiff, would not provide a legal basis for judgment in the Plaintiff's favor. Accordingly, the motion to dismiss is properly granted.

As noted in this court's earlier Order, the true essence of Plaintiff's claim seems to sound in breach of contract. Count III of the Second Amended Complaint alleges that the Defendant committed the tort of negligence by failing to comply with the terms of an agreement between the parties regarding payment of benefits. The allegation that a party failed to comply with the terms of a contractual agreement does not *ipso facto* sound in the tort of negligence simply by invoking that term. Adams v. Buffalo Forge Co., 443 A.2d 932 (Me. 1982). The Second Amended Complaint simply fails to state any facts establishing anything beyond the simple breach of the agreement between the

---

[1] Although some form of the word "misrepresent…" appears in paragraphs 20 and 22 of Count II, the count fails to suggest how the presentation of the contract to the Plaintiff by Defendant could be construed as fraudulent or misrepresentative. It further fails to allege that such actions resulted in the breaching of a contract by third parties or even why the presentation of the contract would precipitate such breaches.

parties. In other words, there is no allegation of tortuous conduct independent of the contractual obligation to perform. Stull v. First American Title Ins. Co., 2000 ME 21, 745 A.2d 975 (Me. 2000). Again, the motion to dismiss is properly granted.

The Plaintiff asserts a cause of action under the Unfair Claims Settlement Act, 24-A MRSA §2436-A, based upon the Defendant's allegedly improper handling of claim payments. The terms of the Act specifically limit such a cause of action to the person's own insurer. Obviously the Defendant is not the Plaintiff's insurer. Instead Plaintiff seeks to stand in the shoes of its patients and assert their cause of action for its own benefit pursuant to 24 MRSA §2436. However, that section is self limiting. Its subrogation provisions are limited to that section alone and have no applicability to §2436-A. Accordingly, this cause of action is not available to the Plaintiff upon the facts as alleged in the Second Amended Complaint. The motion to dismiss is properly granted.

Counts VI and VII seek equitable accountings. As noted earlier, the relationship between these parties is governed by their contractual relationship. They are engaged in a contractual payor/payee relation and this relationship does not give rise to any fiduciary duty the facts as alleged in the Second Amended Complaint. Although the dispute between the parties may involve some significant analysis of extensive financial records and transactions, the court cannot find upon the allegations and facts before it that the issue cannot be resolved through the usual discovery processes. Accordingly, as there is no basis in law or practicality for a separate action for accounting, the motion was properly granted.

The Plaintiff's motion for reconsideration is hereby denied.

The Clerk may incorporate this Order upon the docket by reference.

Dated: October 14, 2004

Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

NEUROLOGY ASSOCIATES OF EASTERN MAINE PA - PLAINTIFF
P O BOX 410
BANGOR ME 04402
Attorney for: NEUROLOGY ASSOCIATES OF EASTERN MAINE PA
WILLIAM ROBITZEK  - RETAINED 10/15/2002
BERMAN & SIMMONS
PO BOX 961
129 LISBON STREET
LEWISTON ME 04243-0961

SUPERIOR COURT
PENOBSCOT, ss.
Docket No  BANSC-CV-2002-00184

DOCKET RECORD

vs
ANTHEM HEALTH PLANS OF MAINE INC - DEFENDANT

Attorney for: ANTHEM HEALTH PLANS OF MAINE INC
JOHN PATERSON   - RETAINED 01/06/2003
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029

Alias:   ASSOCIATED HOSPITAL SERVICE ME

Filing Document: COMPLAINT                    Minor Case Type: OTHER NON-PERSONAL INJURY TORT
Filing Date: 10/15/2002

## Docket Events:

10/15/2002 FILING DOCUMENT - COMPLAINT FILED ON 10/15/2002
           EXHIBIT A ATTACHED

10/15/2002 Party(s):  NEUROLOGY ASSOCIATES OF EASTERN MAINE PA
           ATTORNEY - RETAINED ENTERED ON 10/15/2002
           Plaintiff's Attorney: WILLIAM ROBITZEK

10/15/2002 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 10/15/2002
           TO PLAINTIFF'S ATTORNEY.

11/01/2002 Party(s):  NEUROLOGY ASSOCIATES OF EASTERN MAINE PA
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/31/2002
           PLAINTIFF'S INTERROGATORIES PROPOUNDED ON DEFENDANT FIRST REQUEST FOR PRODUCTION OF
           DOCUMENTS PROPOUNDED ON DEFENDANT.

12/03/2002 Party(s):  NEUROLOGY ASSOCIATES OF EASTERN MAINE PA
           SUPPLEMENTAL FILING - AMENDED COMPLAINT FILED ON 12/02/2002
           FIRST AMENDED COMPLAINT.

12/23/2002 Party(s):  ANTHEM HEALTH PLANS OF MAINE INC
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 12/20/2002

12/23/2002 Party(s):  ANTHEM HEALTH PLANS OF MAINE INC
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 12/17/2002
           AS TO DEFENDANT ASSOCIATED HOSPITAL SERVICE OF MAINE D/B/A ANTHEM/BLUE CROSS AND BLUE
           SHIELD.  (BY:  STEPHANIE FOX)

12/31/2002 Party(s):  ANTHEM HEALTH PLANS OF MAINE INC
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 12/30/2002

Printed on: 10/15/2004

STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
Docket No. CV-02-184

NEUROLOGY ASSOCIATES OF )
EASTERN MAINE, P.A., )
                    Plaintiff, )
                                )
                                )
                                )
        v.                      )        **ORDER**
                                )
                                )
                                )
ANTHEM HEALTH PLANS, )
INC., )
            Defendant.   )

FILED & ENTERED
SUPERIOR COURT

MAR 02 2005

PENOBSCOT COUNTY

The Defendant moves for summary judgment on the remainder of the Plaintiff's claim. It also moves in limine to exclude the testimony of Bruce Roscher. Counsel were heard in oral argument by telephone on March 1, 2005.

The Plaintiff offers Bruce Roscher (an employee of the Plaintiff) as an expert witness on the subject of damages. He will testify that he has reviewed estimates of time expended by Plaintiff's employees in claims disputes and will offer an opinion regarding the ultimate cost of those claims disputes during the period when the parties were engaged in a contractual agreement.

Defendant argues that this proposed testimony is foundationally flawed to a point which the court should exercise its gatekeeper function and disallow the testimony altogether. Defendant points to many factors which would tend to undercut the strength of Mr. Roscher's opinions. After reviewing these factors and the arguments of the parties, the court agrees that Mr. Roscher's fundamental assumptions are susceptible to attack, but the court cannot say that they are so unfounded as to constitute pure speculation. Mr. Roscher's opinion, which is founded upon his financial knowledge and experience and his knowledge of the Plaintiff's financial infrastructure, may assist the trier of fact in determining the availability and amount of damages. As such, the court declines to exclude him as a witness. The Defendant's Motion in Limine is denied.

Defendant offers several arguments in support of its assertion that the remaining counts of the Plaintiff's Complaint should be dismissed. In the first instance, it suggests that there simply is no evidence to support the Plaintiff's claim of compensatory or consequential damages in Count I. in support of this contention, Defendant asserts that all eligible claims due under the contract have been paid with interest. It also asserts that the Plaintiff cannot offer evidence from which a trier of fact could appropriately award consequential damages.

As noted above, the court will allow Mr. Roscher to testify. While the availability of further compensatory damages and consequential damages may appear tenuous at this juncture, the court cannot say that it is an impossibility.

Defendant also asserts that the Plaintiff cannot prevail upon its statutory cause of action (24-A MRSA §2436). As with all statutory causes of action, a plaintiff must satisfy each discrete element of the claim before recovery is possible. Defendant suggests that the Plaintiff cannot possibly prove (by admissible evidence) that each instance of every undisputed claim was properly submitted to the Defendant's predecessor and deemed by it to be undisputed. Defendant asserts, however, that Plaintiff has effectively admitted that that it has been properly paid for undisputed claims during the contract period. Plaintiff rejects this proposition.

A similar argument (and counterargument) is made on Plaintiff's claim for attorney's fees pursuant to 24-A MRSA §2436(4). Additionally, Defendant argues that the claim for attorney's fees fails because the Plaintiff failed to resolve claims without resort to an attorney's efforts.

Finally, Plaintiff argues that the count seeking punitive damages is a nullity because it is not appended to any cause of action for which punitive damages are available by law.

While Defendant offers compelling arguments in support of its summary judgment request, this court is not satisfied at this juncture that there is utterly no basis upon which the Plaintiff could recover judgment. At trial, after presentation of Plaintiff's evidence, a judgment pursuant to Rule 50 may, or may not, be appropriate. It is the court's conclusion that the matter must proceed to trial where the Plaintiff can put forward its evidence to determine whether there is a basis for recovery.

Accordingly, the Defendant's motions are denied.[1]

The Clerk may incorporate this Order upon the docket by reference.

Dated: March 2, 2005

Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

---

[1] As always with a motion in limine, any ruling is considered to be advisory until the evidence is actually offered at trial. An evidentiary offer of proof may be presented at that time, and the final ruling may differ from the advisory ruling. Additionally, the denial of a motion for summary judgment does not render a later Rule 50 motion res judicata.

NEUROLOGY ASSOCIATES OF EASTERN MAINE PA - PLAINTIFF
P O. BOX 410
BANGOR ME 04402
Attorney for: NEUROLOGY ASSOCIATES OF EASTERN MAINE PA
WILLIAM ROBITZEK  - RETAINED 10/15/2002
BERMAN & SIMMONS
PO BOX 961
129 LISBON STREET
LEWISTON ME 04243-0961


vs
ANTHEM HEALTH PLANS OF MAINE INC - DEFENDANT

Attorney for: ANTHEM HEALTH PLANS OF MAINE INC
JOHN PATERSON  - RETAINED 01/06/2003
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029


Alias:   ASSOCIATED HOSPITAL SERVICE ME

Filing Document: COMPLAINT
Filing Date: 10/15/2002

SUPERIOR COURT
PENOBSCOT, ss.
Docket No   BANSC-CV-2002-00184


**DOCKET RECORD**



Minor Case Type: OTHER NON-PERSONAL INJURY TORT

## Docket Events:
10/15/2002 FILING DOCUMENT - COMPLAINT FILED ON 10/15/2002
           EXHIBIT A ATTACHED

10/15/2002 Party(s):  NEUROLOGY ASSOCIATES OF EASTERN MAINE PA
           ATTORNEY - RETAINED ENTERED ON 10/15/2002
           Plaintiff's Attorney: WILLIAM ROBITZEK


10/15/2002 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 10/15/2002
           TO PLAINTIFF'S ATTORNEY.


11/01/2002 Party(s):  NEUROLOGY ASSOCIATES OF EASTERN MAINE PA
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/31/2002
           PLAINTIFF'S INTERROGATORIES PROPOUNDED ON DEFENDANT FIRST REQUEST FOR PRODUCTION OF
           DOCUMENTS PROPOUNDED ON DEFENDANT.


12/03/2002 Party(s):  NEUROLOGY ASSOCIATES OF EASTERN MAINE PA
           SUPPLEMENTAL FILING - AMENDED COMPLAINT FILED ON 12/02/2002
           FIRST AMENDED COMPLAINT.


12/23/2002 Party(s):  ANTHEM HEALTH PLANS OF MAINE INC
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 12/20/2002


12/23/2002 Party(s):  ANTHEM HEALTH PLANS OF MAINE INC
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 12/17/2002
           AS TO DEFENDANT ASSOCIATED HOSPITAL SERVICE OF MAINE D/B/A ANTHEM/BLUE CROSS AND BLUE
           SHIELD.  (BY:  STEPHANIE FOX)


12/31/2002 Party(s):  ANTHEM HEALTH PLANS OF MAINE INC
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 12/30/2002

Printed on: 03/03/2005